Western Dis.
October, 1832.

ARNAUD
vs.
TARBE ET AL.

---

### ARNAUD vs. TARBE ET AL.

APPEAL FROM THE COURT OF THE SEVENTH DISTRICT, THE JUDGE OF THE FIFTH PRESIDING.

Substitution and *fidei commissa* are never presumed; they must be expressed. or clearly result from the sense and signification of the words used in the instrument, which contains them.

So a donation of half the donor's estate, made to his niece on the eve of her marriage, containing a condition, that if the donee dies without children born of the marriage, the property shall go to the husband; the donation becomes a substitution, which is forbidden by law; is null and void, and the property reverts to the donor.

This is an action instituted by the plaintiff, to set aside and annul a donation of one-half of the plantation and slaves on which he resides, made to Jean Tarbe and Marie Anne Bouis, niece of the plaintiff, in consideration of their intended marriage. The act of donation is contained in the marriage contract, signed by all the parties, on the eighth of November, 1830. The moiety of the plantation and slaves which constituted the donation, was estimated at thirty-four thousand three hundred and seventeen dollars and fifty cents. Jean Tarbe and Marie Anne Bouis were married, and lived with

the plaintiff sometime afterwards, who was an old man, and without children. Since then, the parties disagreed, and Tarbe and wife left the domicil of the former.

The plaintiff now seeks to anuul this donation, on the ground that the act contains a clause of substitution, being made to the wife, and if she die without heirs, then it is to go to the husband. He also alleges, that Tarbe and wife were to have put some capital on the plantation, and that they have failed, and deceived him as to the amount of his capital; and that if this donation is valid, it will take all that he is worth, and that after paying his debts, he will have nothing left to support him in his old age, &c. He prays that the donation be avoided and annulled, and that he be for ever quieted in the possession of his property.

Tarbe and wife admit their marriage, the marriage contract and donation, but aver it is valid in law, and that the plaintiff is worth a large property after paying this donation. They plead a general denial to all the other allegations in the petition. The marriage contract was produced in evidence, and various accounts filed, and parole evidence taken to show the situation of the plaintiff's estate and the amount of his fortune. The defendants also admit they have left the plaintiff's domicile, but aver it became so disagreeable on account of the plaintiff's conduct, that they were compelled to do so.

The case turns mainly on the clause of substitution. There was judgement for the plaintiff, and the defendants appealed.

MATHEWS, J., delivered the opinion of the court.

This suit is brought by a donor, in which he prays that a donation by him made to the defendants may be avoided and annulled. Judgement was rendered in the court below in conformity with the prayer of the petitioner, from which the defendants appealed.

The plaintiff claims the nullity of the donation on two grounds. 1. On account of its being so excessive as to leave

WESTERN DIS.
October, 1832.

ARNAUD
vs.
TARBE ET AL.

him no property, or at least not sufficient to support him. 2. That the deed of gift contains a clause of substitution, such as is reprobated by our laws. The first of these causes of nullity depends for its support on testimonial proof. But we deem it unnecessary to examine this question, as we are of opinion that the donor must be relieved from his act in consequence of the substitution involved in the donation.

The article 1507 of the Louisiana Code declares that "substitution and *fidei commissa* are and remain prohibited"; and that "every disposition by which a donor, an heir or legatee, is charged to preserve for or to return a thing to a third person, is null, even with regard to the donor, the constituted heir, or the legatee." As it relates to substitutions, this article of our code is precisely similar to the article 896 of the Code Napoleon, which has been frequently subjected to interpretation in the judicial tribunals of France, and has been extensively commented on by two of the most learned jurists of that country, Toullier and Merlin. The first of these commentators induces a maxim both from the laws of France as they existed before the code, and the article 896 of this legislation, (contrary, perhaps, to the principles of the Roman law,) that substitution and *fidei commissa* are never to be presumed; they must be expressed, or result clearly from the sense and signification of the words in the instruments which contain them. 5 *Toullier, nos.* 25, 27.

*Substitution and fidei commissa are never presumed. They must be expressed, or clearly result from the sense and signification of the words used in the instrument which contains them.*

The maxim thus established as resulting from the law on the subject of substitutions, we consider just and reasonable, and such as would fairly be deduced from the article of the Louisiana Code above cited. The same author lays it down as a rule, that all substitutions are *fidei commissa* conditional. This rule is founded on a principle drawn from the Roman law, where it is stated that a day uncertain is equivalent to a condition: "*Dies incertus conditionem in testamento facit.*" *Law* 75. *D. de cond. et demonstr.*

In the present case a marriage contract was entered into by the defendants previous to the celebration of their marriage. To this contract the plaintiff became a party, and

made a donation to the intended wife of Tarbe in the manner and form following. After some anterior stipulations not requiring particular notice, he declared: "Que, en considéra- tion du présent mariage qui doit être contracté entre Jean Tarbe et sa niéce Marie Ann Bouis de son consentement et comme son plus près et seul parent, et en consideration de son affection et amitié pour son futur époux; il donne cède et transfère à la dite Marie Anne Bouis à titre de donation en- tres viff pure et simple la moitié indivisée de l'habitation et esclaves déjà mentionnés et décrits dans le présent, pour en jouir et tenir en pleine propriété, mais si la dite Marie Ann Bouis vient a mourir avant le dit Jean Tarbe son futur époux ne laissant aucun enfant ou enfants du dit marriage qui doit se célébrer sous peu; alors et dans ce cas la moitié indivisée de la dite habitation et esclaves deviendra la pro- priété du dit Jean Tarbe, de la même manière et au dit titre qu'elle-même; c'est-à-dire, comme sa propriété pleine et entière sans aucune réstriction quelconque."

According to the terms in which this donation is expressed, independent of the condition resulting from the uncertainty of the time when the substituted donor would take the estate given, depending on the death of his wife, it is made under another condition, which might defeat his claim, viz. the birth of children from the marriage, and their existence at the time of the death of the donor, from whom the property is to descend to Tarbe. The policy of our law in prohibiting substitutions, is founded on reasons of public convenience and utility; to preserve the order of successions uniform, &c.; to prevent the confusion, difficulties, and uncertainties of titles to property held under entails, and to leave it free for the purposes of commerce.

The act of donation under consideration, has at least an indirect tendency to change the order of succession as estab- lished by law, and to place the property given, out of com- merce, as being unsusceptible of alienation by the original donee, during her lifetime; for if effect be given to that part of the act which substitutes the husband to the rights of the

So a donation of half the do- nor's estate, made to his niece on the eve of her mar- riage, contain- ing a condition that if the do- nee dies with- out children born of the marriage, the property shall go to the hus- band, the do- nation be- comes a substi- tution, which is forbidden by law, is null and void, and the property re- verts to the do- nor.

wife in the event of her death, without children born from the marriage, and living at that time, she would be bound to preserve the property during her whole life, or in all events, until the death of the substituted donee. The conditions imposed in the donation, which might in the course of future events, destroy the substitution, does not the less render it a substitution as violating the principles on which the law is founded, which reprobates deeds of this nature. The property could not be sold or disposed of by the donee, who, from the evident meaning of the terms in which the donation is made, would be bound to keep it entire until her death; and, notwithstanding the conditions under which the husband is to succeed to the rights of his wife, the act of the donor has a direct tendency to alter the general law of descents. The article of our Code, prohibiting substitutions, does not distinguish between such as are made without conditions and such as are made with them; its disposition is general, and it would be improper in us, to make a distinction not found in the law; the general prohibition, embraces conditional substitution. 5 *Toullier*, *No.* 37.

According to the above view of the case, it is clear that the donee is bound to preserve during her lifetime, the property given for the person substituted; and the expressions of the article of the Louisiana Code on this subject, would annul the donation, without a clause in the act requiring it to be returned to a third person; for in pursuance of the words of the law, if a donee be charged to preserve for or return a thing, &c. an instrument in which either of these dispositions is contained, has the effect to annul the donation. That a thing required to be preserved by one person for another, should necessarily be returned or delivered to the latter after the period has expired for which it was directed to be preserved, seems to follow as a necessary consequence from the obligation imposed, to keep or preserve for. The expression in the act of donation, is, that (on the happening of certain events) the property given to the wife shall become that of the husband, in the same manner, and under the same title, by

which she held it. From this expression, it necessarily results that the property would pass to the husband under the substitution contained in the deed, and that any person who might represent the succession of the donor, would be bound to deliver it to him in consequence of the title acquired by substitution. It is not necessary that there should be an express direction to return the thing given to a third person. If such be clearly the intention of the donor, discoverable from the sense and meaning of the words used in the instrument, it suffices to fix the vice of nullity on it.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed, with costs.