146 So. 145

Succession of FEITEL.

No. 32041.

Jan. 30, 1933.

Dart & Dart, of New Orleans, for appellant Benjamin F. Feitel.

Lazarus, Weil & Lazarus, of New Orleans, for appellee Mrs. Hannah Levy Bodenheimer.

ODOM, J.

Jasmin Feitel, a resident of New Orleans, died on January 12, 1931, leaving a last will and testament in olographic form, which was probated and the executors named therein qualified.

A number of special bequests were made, among them being the following:

"I will to Hannah Levy Bodenheimer my Darling Sister in Law for kindness and love shown me & her departed sister during our life time and Love and tender care to me during my illness, all Land & Improvements owned by me in Sq. 408 this City Corner So. Claiborne & Washington Ave., sq. Fourth and Derbigny Sts., for the use of herself & her son, Carrol L. B. and having made Payable to the Whitney Trust & Sav Bank Insurance Policies & accrued dividends to the Amt. of about $25,000.00 be applied to any amount I owe them (Bank) or any part of this amount that may be required. The Real Estate described above in sq. 408 shall not be sold nor Mortgaged further for a period of Ten years after my death."

Some time after the will was probated, Mrs. Bodenheimer made demand on the executors, making the residuary legatees parties, to deliver to her the property described in the above bequest "free from the illegal restriction against the property's being sold for a period of ten years." She alleged and now contends that according to the terms of the will, she was given full ownership of the property described and that the stipulation in the will that the legacy was "for the use of herself and her son, Carrol L. B." was merely precatory in its nature and should not interfere with the delivery to her of the property "in her own right free from any restrictions."

She further averred that the stipulation in the will that the property bequeathed should not be "sold nor mortgaged further for a period of ten years after my death" was contrary to law and public policy and therefore void and should be considered as not written.

The executor, Nathan H. Feitel, and Benjamin F. and Daniel W. Feitel, the residuary legatees, resisted Mrs. Bodenheimer's demand on three grounds which are pleaded in the alternative, these grounds being:

1. That the disposition in favor of Mrs. Bodenheimer is a prohibited substitution and void under the law.

2. That it is a bequest in trust for ten years, of a use of the particular estate and to exact therefrom such portions of the fruit it produces as is necessary for the personal wants of herself and her son and their respective families. And

3. A bequest in trust for ten years, of a usufruct, in favor of Mrs. Bodenheimer and her son, with Mrs. Bodenheimer as trustee.

There was judgment in favor of the plaintiff recognizing and maintaining the validity of the bequest in her favor and ordering the

property described delivered to her "without restriction and particularly without the null and void restriction contained in the will, seeking to prohibit the selling or mortgaging said property for a period of ten years after the death of the decedent." Other provisions of the judgment are not contested and need not be referred to here. Nathan H. Feitel, the executor, and Benjamin F. Feitel, one of the residuary legatees, appealed.

Counsel for defendants say in their brief that in view of the holdings of this court in Succession of Hunter, 159 La. 492, 105 So. 596, and Succession of Williams, 169 La. 696, 125 So. 858, they have abandoned their alternative defense No. 3, to wit, that the disposition here involved was "a bequest in trust, for ten years, of a usufruct, in favor of Mrs. Bodenheimer and her son, with Mrs. Bodenheimer as trustee."

1. The only two questions, then, for us to decide are: First, whether the disposition in favor of Mrs. Bodenheimer is a prohibited substitution; and, second, whether it was a bequest for ten years, of a use, with her as trustee, "to make a gratuitous use of the particular estate and to exact therefrom such portions of the fruit it produces as is necessary for the personal wants of herself and son and their respective families."

We have copied in full the bequest in controversy. Eliminating certain words which are not pertinent to the issue here involved, it will be noted the will recites:

"I will to Hannah Levy Bodenheimer * * * all land & improvements owned by me in Sq. 408 this city Corner So. Claiborne & Washington Ave. Sq. Fourth & Derbigny Sts., for the use of herself and son, Carrol L. B. (B.

being the initial for Bodenheimer) * * *. The real estate described above in Sq. 408 shall not be sold nor mortgaged further for a period of 10 years after my death."

We have experienced no difficulty whatever is reaching the conclusion that this is not a substitution prohibited by article 1520 of our Civil Code. That article of the Code, which is found under the general heading "Of Dispositions" and the subheading "Of Dispositions Reprobated by Law in Donations Inter Vivos and Mortis Causa," provides that:

"Every disposition by which the donee, the heir or legatee is charged to preserve for or to return a thing to a third person is null, even with regard to the donee, the instituted heir or the legatee."

In Succession of Reilly, 136 La. 347, page 363, 67 So. 27, 32, we said:

"The essential elements of the prohibited substitution are that the immediate donee is obliged to keep the title of the legacy inalienable during his lifetime, to be transmitted at his death to a third person designated by the original donor or testator."

In Marshall v. Pearce, 34 La. Ann. 557, Justice Fenner, speaking for the court, said:

"The simplest test of the substitution prohibited by our law, is that it vests the property in one person, at the death of the donor, (in case of testaments) and, at the death of such person, vests the same property in another person, who takes the same directly from the testator, but by a title which only springs into existence on the death of the first donee." Succession of Heft, 163 La. 467, 112 So. 301; Succession of Hunter, 159 La.

492, 105 So. 596; Succession of Ledbetter, 147 La. 771, 85 So. 908.

The definitions or "tests" of the prohibited substitution laid down by this court in the cited cases is in exact accord with article 1520 of the Civil Code.

Applying these definitions or tests to the disposition here in controversy, it is readily seen that it lacks the essential elements of a substitution. The testator said, "I will to Hannah Levy Bodenheimer * * * all land & improvements owned by me in Sq. 408." That, in very simple terms, is a bequest, a disposition. Mrs. Bodenheimer was the donee of the property. As to it, she was the heir, the legatee. But she was not charged to preserve it for or to return it to a third person. Civ. Code, art. 1520. The will vested the property in her at the death of the donor, but it did not also "vest the same property in another person, who takes the same directly from the testator, but by a title which only springs into existence on the death of the first donee." Fenner, J., Marshall v. Pearce, 34 La. Ann. 557. Mrs. Bodenheimer, the immediate donee, was not "obliged to keep the title of the legacy inalienable during his [her] lifetime, to be transmitted at his [her] death to a third person designated by the original donor or testator." O'Niell, J., Succession of Reilly, 136 La. 347, 67 So. 27, 32.

The will does not say, nor does the language used remotely suggest, that Mrs. Bodenheimer should hold or preserve the property for another, nor did the testator name another person to receive it at her death. There is not even the slightest suggestion

that the property should go to another person at the death of the immediate donee, Mrs. Bodenheimer. Where a testator names a certain person as donee of a thing and does not stipulate that such donee shall hold or preserve it for a named third person who is to receive it at the death of the immediate donee, there is no substitution.

It is clear to us that there is no substitution here. But if we were in doubt, we should resolve that doubt in favor of the plaintiff and hold that the bequest is valid. Our predecessors held long ago that, "Substitution and fidei commissa are never presumed; they must be expressed, or clearly result from the sense and signification of the words used in the instrument, which contains them." (Arnaud v. Tarbe, 4 La. 502), and "unless the will necessarily presents a substitution, and can be understood in no other manner, the disposition will be sustained" (Succession of Ducloslange, 4 Rob. 409), and "in cases of doubt whether a will presents a substitution or not, it should be maintained" (Cole's Heirs v. Cole's Ex'rs, 7 Mart. [N. S.] 414). See, also, Succession of Law, 31 La. Ann. 456; McCluskey v. Webb, 4 Rob. 201.

2. In the alternative, counsel for defendants argue that this disposition was "a bequest in trust for 10 years of a use, with Mrs. Bodenheimer as trustee."

In support of this argument, counsel point out that the will recites that the property is donated to Mrs. Bodenheimer "for the use of herself and her son, Carrol L. B.," and also stipulates that "the real estate described above in Sq. 408 shall not be sold or mortgaged further for a period of 10 years after my death."

The testator did not bequeath to Mrs. Bodenheimer the use of the property. He bequeathed to her the property itself. This is shown by the language used at the beginning of that section of the will containing the donation. The testator said, "I will to Hannah Lèvy Bodenheimer * * * all the land & improvements owned by me in Sq. 408." This donation was made, so the will recites, "for the use of herself and her son." The word "use," as here used, is synonymous with benefit or advantage. We interpret the will to mean that the testator donated the property to Mrs. Bodenheimer for the benefit, profit, and advantage of herself and son.

Counsel for defendants would have us interpret the will to mean that Mrs. Bodenheimer was given only the use of the property. The use of a thing is not the thing itself or any part of it, but is that which the thing will produce. If the testator had intended to bequeath the use of this property, it is reasonable to assume that he would have said so. Instead, he, in plain terms, bequeathed the thing, the property itself.

Discussing the contention of plaintiff that the testator intended to give full ownership of this property, counsel for defendant in their brief say:

"To adopt this view, the court will be compelled to rewrite the man's will and substitute its will for his."

Our view is that to hold otherwise would be to rewrite the will, to put into it something which it does not contain. We must assume that the testator meant what he said. He said he gave the thing itself, the property. We cannot say that the will means what it neither expresses nor implies.

In connection with this special bequest, the testator said:

"The real estate described above in Sq. 408 shall not be sold nor mortgaged further for a period of 10 years after my death."

The testator bequeathed the property to the donee in full ownership. Having done so, he could not prohibit her from selling or mortgaging it. Those who are living, as between themselves, may hold their property by any tenure or terms they see fit. But when property is transmitted by donation mortis causa in full ownership, the dominion of the testator over it is lost absolutely. He cannot impose his will or wish concerning its disposition after his death upon the donee.

The law will not carry into effect the "wishes and conceits of the dead" concerning the property they leave to another in full ownership, to the disturbance of the rules of public order and policy which regulate the living. Men instinctively desire to accumulate and own property. When acquired they hold to it tenaciously and abandon it with reluctance. So great is their propensity to hold dominion over that which they have acquired, what is theirs, that some of them, on the brink of the grave, attempt to continue their control over it after they are dead. But under our law and jurisprudence this cannot be done. The reason underlying the law is that it is against public policy that estates be tied up in perpetuity or even for a limited time, except in cases where a limited trust for ten years is provided for under Act No. 107 of 1920. Except in cases of limited trusts, the donor cannot render the property donated inalienable and thereby withdrawn from commerce.

The stipulation in this will that the property bequeathed shall not be sold nor mortgaged for a period of ten years is illegal and void. It is an impossible condition. Article 1519 of the Civil Code reads:

"In all dispositions inter vivos 'and mortis causa impossible conditions, those which are contrary to the laws or to morals, are reputed not written."

This court has uniformly held that statements in a will such as the above are purely precatory in their nature and reputed as not written. Succession of Reilly, supra; Succession of Hutchinson, 112 La. 656, 700, 36 So. 639; Succession of McCloskey, 52 La. Ann. 1122, 27 So. 705; Fink v. Fink's Ex'r, 12 La. Ann. 301.

The judgment appealed from is correct.

Judgment affirmed, with all costs.