Ernest B. PARKER

v.

Winnie Kelly PARKER et al.

Civ. A. No. 19132.

United States District Court,
W. D. Louisiana,
Monroe Division.

June 26, 1974.

William D. Brown, Brown & Wicker, Monroe, La., for plaintiff.

Thompson L. Clarke, St. Joseph, La., Landman Teller, Teller, Biedenharn & Rogers, Vicksburg, Miss., for defendants.

## RULING ON MOTION FOR SUMMARY JUDGMENT

DAWKINS, Senior District Judge.

Ernest B. Parker has instituted this action in an effort to enforce a provision in the will of his deceased brother, Robert Lee Parker III. The will was probated and a judgment of possession issued by the Fifth Judicial District Court, Madison Parish, Louisiana, March 21, 1966.

Jurisdiction is established by diversity of citizenship, 28 U.S.C. § 1332, plaintiff being a citizen of Mississippi and defendants citizens of Louisiana and Maryland. This follows notwithstanding the general rule that "[a] federal court may not probate a will nor undertake the administration of an estate. . . ." Wright, Law of Federal Courts § 25, p. 85, since this action seeks to interpret or determine the validity *vel non* of a provision in a will already probated. The action does not interfere with administration of an estate in a State court. Looney v. Capital National Bank of Austin, 235 F.2d 436, 438 (5th Cir., 1956), and La.C.C.P. arts. 1872 and 1874; Akin v. Louisiana National Bank of Baton Rouge, 322 F.2d 749 (5th Cir., 1963).

Prior to his death December 30, 1965, Robert Parker owned Leona Plantation in Tensas Parish, Louisiana, in indivision with plaintiff. In his will, decedent bequeathed his entire interest in this property to his wife, Winnie Kelly Parker, and his daughter, Patsy Parker Reaver, who were recognized in the judgment of possession " . . . as sole and only heirs and/or legatees of the decedent. . . . " This bequest, however, was made subject to the following condition:

"*ITEM IV*: The devise of all of my right, title and interest in and to real property is made subject to the condi-

tion that no part of said lands in Warren County, Mississippi, in which I own an undivided interest at the time of my death, and no part of the lands in the State of Louisiana in which I own an undivided interest with my brother, Ernest B. Parker, shall be sold, mortgaged, or in any other way alienated unless the said land or part thereof proposed to be sold, conveyed or alienated has been first offered to the other co-owners thereof, by written offer, such offer to set forth in detail the terms of the proposed sale, conveyance or alienation. The other co-owners of the said lands shall have three (3) months from the receipt of such written offer in which to accept or reject same. In the event that the co-owners, or any of them, should during the three month period accept the terms set forth in the written offer, then such lands or part thereof must be sold, conveyed or alienated to the said co-owners, or co-owner, so accepting the terms of the offer or, otherwise, must be retained by the owner making the said offer. If none of the said co-owners accept the terms set forth in the written offer during the three (3) month period, then the said property may be sold, mortgaged or otherwise alienated according to the terms of the written offer to the person or persons who made the offer of purchase. *Any sale, conveyance or alienation of the said lands or any part thereof in violation of the terms and conditions hereinabove set forth, shall automatically terminate all of the right, title and interest in said land of the person making such violation, and in such event THE RIGHT, TITLE AND INTEREST OF SUCH PERSON SHALL BECOME THE PROPERTY OF THE OTHER DEVISEE OF THE LAND UNDER THIS PARAGRAPH OF MY WILL.* [Emphasis and capitalization added.]

"Any sale, mortgage or alienation of the said real estate or any part thereof which is joined in by all of the other co-owners of same shall be deemed to be a compliance with all of the terms of this paragraph of my will."

Defendants sold their undivided one-half interest in Leona Plantation to defendant Second Davis Island Land Co., without making the required prior offering to plaintiff.

Plaintiff contends that, under the forfeiture provision of the will clause, he is entitled to be declared the owner of the entire property "by forfeiture and by virtue of being the sole remaining heir at law of Robert Lee Parker, III." In the alternative, he contends he has the right to purchase the interest in the property sold by defendants upon the same terms as were established in the sale to Second Davis Island Land Company.

Defendants moved to dismiss for failure to state a claim upon which relief can be granted and attached a copy of the Robert Parker will, together with the judgment of possession entered by the District Court for Madison Parish, Louisiana. Under Rule 12(b), F.R.Civ. P.,[1] we converted the motion to one for summary judgment. *See, e. g.,* Wright and Miller, Federal Practice and Procedure § 1366; General Guaranty Insurance Co. v. Parkerson, 369 F.2d 821, 823 (5th Cir., 1966); Smoot v. State Farm Mutual Automobile Ins. Co., 299 F.2d 525 (5th Cir., 1962).

 Mere reading of the will clause quoted impels us to grant summary judgment in favor of defendants without even considering the obvious

1. " . . . If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

objections with respect to its nullity under Louisiana law.[2]

 Plaintiff must rely upon the will itself to create the rights he asserts here. This the will simply does not establish. It provides merely that a sale in violation of its provisions terminates ownership in the violator and vests it in "the other devisee of the lands." Plaintiff clearly is not "the other devisee" since the only devisees named in the will were Winnie Kelly Parker and Patsy Parker Reaver; hence, plaintiff's contention that the property belongs to him by forfeiture totally is without merit. Equally untenable is his argument that violation of the provision by both devisees resulted in complete forfeiture of their ownership rights so that plaintiff now should take title as the sole remaining legal heir. Pretermitting consideration of obvious obstacles interposed by Louisiana's rules as to forced heirship and community property law, this argument flies in the face of the provision that the property vests in "the other devisee," with the anomalous result (if enforced) that defendants merely would forfeit their ownership rights to each other.

 Finally, plaintiff's assertion of a right to purchase the property sold to Second Davis Island Land Company likewise must fall. Under the terms of the will, even if the property first had been offered to him and accepted, he still would have had no right to buy since the offeror was provided with the option of not selling.[3] Moreover, the will does not create an enforceable right of "first refusal" in plaintiff with respect to this property. It merely imposes a condition upon the bequest of land to defendants

2. La.Civ.Code art. 1519: "In all dispositions *inter vivos* and *mortis causa* impossible conditions, those which are contrary to the laws or to morals, are reputed not written." The penalty clause in this will stating that a sale in violation of its terms shall terminate title in the violator and vest it in "the other devisee" is such an "impossible condition" since a sale by definition transfers title to vendee; hence, a devisee violating the will would no longer have title in the property sold that could be terminated and vested "in the other devisee." Also, Louisiana law is settled that a will provision prohibiting alienation is contrary to the codal provisions and public policy of Louisiana and, therefore, null and considered as not written under Article 1519. Succession of Fertel, 208 La. 614, 23 So.2d 234 (1945); Succession of Feitel, 176 La. 543, 146 So. 145 (1933); Female Orphan Society v. Young Men's Christian Ass'n, 119 La. 278, 44 So. 15 (1907). As stated in *Feitel* (holding invalid a provision against alienation or mortgaging for 10 years): "The testator bequeathed the property to the donee in full ownership. Having done so, he could not prohibit her from selling or mortgaging it. Those who are living, as between themselves, may hold their property by any tenure or terms they see fit. But when property is transmitted by donation mortis causa in full ownership, the dominion of the testator over it is lost absolutely. He cannot impose his will or wish concerning its disposition after his death upon the donee." 146 So. at 147.

Finally, prior to 1962, La.Civ.Code art. 1520 provided in part:

"Substitutions and *fidei commissa* are and remain prohibited."

The *fidei commissa* has been consistently defined as a bequest whereby the donee is invested with title to property and charged or directed to convey it to another person or make a particular disposition of it. E. g., Succession of Reilly, 136 La. 347, 67 So. 27 (1915); Succession of Simms, 250 La. 177, 195 So.2d 114 (1967). In such a situation "the direction or charge, as to its disposition, is to be regarded only as a precatory suggestion addressed to the conscience of the donee or legatee, which, being illegal, but harmless, can have no binding effect, and may be legally regarded as not written." *Reilly* at 33; *Simms* at 132. In 1962, Article 1520 was amended to accommodate the new Louisiana Trust Code and now provides in part:

"Substitutions are and remain prohibited, except as permitted by the law relating to trusts."

The effect of the omission of *fidei commissa* from Article 1520 has not yet been determined. Justice Barham of the Louisiana Supreme Court has recently suggested that it may give rise to a new definition of *fidei commissa.* Succession of Walters, 261 La. 59, 259 So.2d 12 (1972).

3. "In the event that the co-owners . . . should . . . accept . . . then such lands . . . must be sold . . . to the said co-owners . . . *or, otherwise, must be retained by the owner making the offer.*" (Emphasis added.)

which would be beneficial to plaintiff if enforced.[4] Even if he legally could have done so, decedent obviously never intended to create such a right in plaintiff, as evidenced by his inclusion of a special remedy clause which makes no reference to plaintiff—it merely provides a remedy for "the devisees," Winnie Parker and Patsy Reaver. This is in accord with the remainder of the will vesting all of decedent's property in these defendants. The clause in question purports only to limit those rights and does not for that reason create rights in plaintiff's favor.

Therefore, since there exists no issues of material fact and defendants are entitled to judgment in their favor as a matter of law, their motion for summary judgment hereby is granted.

---

4. Although similar to a *stipulation pour autrui* under La.Civ.Code art. 1890, this does not meet the requirement that it be a "condition or consideration of a commutative contract, or onerous donation." (Emphasis added.) *Cf.* Merco Manufacturing, Inc. v. J. P. McMichael Construction Co., 372 F.Supp. 967 (W.D.La., 1974).