# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-368

SUCCESSION OF

FRANK BERNAT

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 39178
HONORABLE DONALD THADDEUS JOHNSON, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## J. DAVID PAINTER
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, J. David Painter, and James T. Genovese, Judges.

**Saunders, J. dissents and assigns written reasons.**

**AFFIRMED.**

**Gregory Brian Upton**
**Gregory B. Odom, II**
**P.O. Box 6118**
**Alexandria, LA 71307-6118**
**Counsel for Appellees:**
        Carolyn Dianne Tuma and Joanne Kotar McClain

**Gwenda Reneé Linzay Lamb**
**434 Dove Cove**
**Alexandria, LA 71303**
**Counsel for Appellant:**
        Henry A. Bernat

**PAINTER, J.**

Henry A. Bernat (Henry), nephew of the testator, Frank Bernat (Bernat), appeals the trial court's judgment interpreting the testator's will as leaving equal shares to each of the eleven legatees. On appeal, Henry asserts that the will was null as to form and, alternatively, that the trial court erred in making a decision about the provisions of the will without having read it, erred in allowing parole evidence as to the intent of the testator, and misinterpreted the provisions of the will. For the following reasons, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

The testator, and his attorney, Mark Watson, composed a will which was executed on January 19, 2010. The statutory will was executed at Cabrini Hospital in Alexandria, Louisiana, in the presence of two witnesses, Connie Lawrence and Chastity Stroud, and was notarized by Watson.

Watson read the will to Bernat. Afterwards, Watson asked Bernat if the contents of the will were what Bernat had wished. Bernat responded in the affirmative in the presence of the witnesses. Watson then asked Bernat to sign the five page will. Being unsteady due to his ailments, Bernant signed the end of the first page with a shaky hand. Because of Bernat's shakiness, Watson decided to direct Bernat to sign an "X" at the end of the second page. Bernat proceeded to sign the third, fourth, and fifth pages with his signature. The fourth and fifth pages both contained two signature lines for the testator: one line in the middle or top two-thirds of the page, and the other at the very end of the page. On the fourth and fifth pages, Bernat signed each upper signature line with his signature, and each lower signature line with an "X." As a result, the first and third pages contain Bernat's signature, the second page contains only an "X," and the fourth and fifth

pages, the fifth bearing the attestation clause contain both a signature and an "X." The entire process of signing was conducted in the presence of Watson, who notarized and signed the attestation clause, and the witnesses, who also signed the attestation clause.

Executrixes, Carolyn Tuma and Joanne McLain, nieces of Bernat, filed the will for probate on April 14, 2010. In response, Henry, the testator's nephew and first cousin of the executrixes, intervened in the probate proceedings, challenging the interpretation of the will. The trial court issued a judgment on January 14, 2011, interpreting the will as urged by the executrixes. Henry filed this appeal on February 2, 2011, asserting noncompliance with form requirements and misinterpretation of the will.

## ASSIGNMENTS OF ERROR

Henry alleges that the trial court erred in the following respects:

1. The Court erred in failing to take judicial notice that the "testament" does not comply with the requirements of Louisiana Civil Code Art. 1577, et seq[.] and therefore, [the will] is invalid and should not have been accepted by the court with the effect of probate. (R. 4)

ALTERNATIVELY:

2. The Court determined the intent of the testator from the purported Last Will and Testament of Frank Bernat without ever reading and studying the testament (R. 164, Lines 5-6)

3. The Court erred in failing to apply the [principle] of in pari material and construe "according to their legal share" uniformly throughout the testament and especially in not considering that the testator defines this phrase once in the testament itself in article VII as a per stirpes distribution. (R. 12, R. 176, Lines 16-20, R. 177, Lines 1-4, R. 177, Lines 6-8) "Respective percentages" in Article IX, also indicates varying percentages which assist with understanding "according to their legal share[,]"[ ] however the court did not read this. Thus the court erred in failing to be guided by the rest of the testament.

4. The Court erred in holding that the Last Will & Testament bequeathed Mr. Bernat's property by heads instead of by roots, ignoring the language "appropriate legal share" meaning what the law itself provides and Louisiana Civil Code Art. 888, being the law, which

2

designates "roots" as the proper distribution of property when descendants take[ ] from ascendants by representation. (R. 109)

5. The Court erred in admitting extrinsic evidence and overruling Henry Bernat's objection to the testimony as the testament is clear. (Testimony begins – R. 177) (Object overruled – R. 177, Line 23)

6. The Trial Court improperly adopted the testimony of Mr. Watson for the testator's intent.

7. The Trial Court erred in failing to award attorneys fees to Appellant as the Co-executrixes were not serving the estate when they undertook arguments adverse to the testament and the law.

## LAW AND ANALYSIS

In his first assignment of error, Henry argues that the Court erred in failing to take judicial notice that the will does not comply with the requirements of La.Civ.Code art. 1577. The will, he asserts, is invalid due to decedent's failure to sign each separate page of the document.

However, Henry failed to raise the validity of the will in the trial court. Uniform Rules – Courts of Appeal, Rule 1-3 provides that:

> The scope of review in all cases within the appellate and supervisory jurisdiction of the Courts of Appeal shall be as provided by LSA-Const. Art. 5, § 10(B), and as otherwise provided by law. **The Courts of Appeal will review only issues which were submitted to the trial court** and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise.

(Emphasis added.)

Therefore, we will not consider the validity of the will for the first time on appeal.

*Evidence*

Henry argues that the trial court erred in allowing and relying on the testimony of Mark Watson to interpret the will and in interpreting the will without having read it.

While the trial court did at one point state that it had not read the will, the will was admitted into evidence, and its language was discussed extensively during the hearing. The trial court was clearly cognizant of the terms of the will.

Further, we find no error in the trial court's decision to allow the testimony of Mark Watson, the attorney who drafted the will. Louisiana Civil Code Article 1611 provides, in pertinent part that:

> A. The intent of the testator controls the interpretation of his testament. If the language of the testament is clear, its letter is not to be disregarded under the pretext of pursuing its spirit. The following rules for interpretation apply only when the testator's intent cannot be ascertained from the language of the testament. In applying these rules, the court may be aided by any competent evidence.

As in *In re Succession of Costello*, 00-2672 (La.App. 4 Cir. 2/13/02), 811 So.2d 63, 67, the parties here disagree as to the exact meaning of certain provisions of the will. "Therefore, the trial court was obligated to determine the testator's intent at the time the testament was drafted. [The attorney] was the only living individual who could give testimony on this issue. " *Id.* Therefore, we find, as did the court in *Costello*, that the trial court did not err in permitting Watson to testify.

*Interpretation of the Will*

The controverted provisions of decedent's will are those in paragraphs III, VI, and VII, in which property is bequeathed to the eleven legatees "in indivision, according to their appropriate legal share," and that in paragraph IX which states that:

> Further it is not my intention that the residuary legatees named herein shall receive their proportionate percentage in each and every asset forming the remainder of my Estate, but rather that they shall receive property or properties to be selected by my Executor, which shall satisfy the respective percentages bequeathed to them of the remainder of my assets.

Henry argues that this language reveals the intention of the testator that the property be divided among the legatees by roots.

Henry cites La.Civ.Code arts. 884, 885, 888, and 892 as support for his argument that "legal share" for descendants of brothers and sisters of the deceased means a division by roots. However, these articles apply to intestate successions, and nothing in the will suggests that the decedent wanted the laws governing intestacy to apply. Henry further cites the use of the term "respective percentages" as support for the idea that the decedent expected each legatee to receive a different percentage rather than an equal share, a result which could only occur if the legacy was divided by roots rather than by heads. We do not agree. As noted by Appellees, the word respective does not by definition mean unequal.

> An appellate court may not set aside a trial court's findings of fact in absence of manifest error or unless it is clearly wrong. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). "To reverse a factfinder's determination under this standard of review, an appellate court must undertake a two-part inquiry: (1) the court must find from the record that a reasonable factual basis does not exist for the finding of the trier of fact; and (2) the court must further determine the record establishes the finding is clearly wrong." *S.J. v. Lafayette Parish School Bd.*, 09-2195, p. 12 (La.7/6/10), 41 So.3d 1119, 1127. If a trial court's findings are reasonable based on the entire record and evidence, an appellate court may not reverse those findings even if it is convinced that it would have weighed the evidence differently. *Id.* "The basis for this principle of review is grounded not only upon the better capacity of the trial court to evaluate live witnesses, but also upon the proper allocation of trial and appellate functions between respective courts." *Edwards v. Daugherty*, 98-635, p. 4 (La.App. 3 Cir. 6/9/99), 736 So.2d 345, 348, *writ denied*, 99-2034 (La.9/17/99), 747 So.2d 568.

*Sylvester v. Fontenot*, 10-1115, p. 6 (La.App. 3 Cir. 3/9/11), 58 So.3d 675, 679-80.

After reviewing the entire record, we find no error in the trial court's determination that the testator intended to divide his estate equally between the eleven legatees.

*Attorney's Fees*

In his last assignment of error, Henry contends that the trial court erred in failing to award attorney's fees due to the allegation that the co-executrixes did not

5

serve the estate when they undertook arguments adverse to the testament and the law.

> It is well-established the succession representative has a duty to defend the validity of the testator's last will and testament. Thus, as a general rule, the costs incurred in a will contest proceeding should be assessed to the mass of the succession rather than against the succession representative individually.

*Atkins v. Roberts*, 561 So. 2d 837, 841 (La. App. 2 Cir. 1990) (citing *Succession of Kite*, 366 So.2d 602 (La.App. 3d Cir. 1978), *writ denied*, 369 So.2d 155 (La. 1979)). In the instant case, the co-executrixes submitted Bernat's will for probate and defended against Henry's oppositions to the will. Since the co-executrixes, as succession representatives, were carrying out their duty to Bernat's estate and since Henry's arguments have been rejected by this court, we decline to award attorney's fees to Henry.

## CONCLUSION

For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the Appellant, Henry Bernat.

**AFFIRMED.**

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**11-368**

**SUCCESSION OF FRANK BERNAT**

**SAUNDERS, J., dissenting**

I respectfully dissent.  See Louisiana Civil Code Arts. 1577, 1578, 1579.