# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                     NEWS RELEASE #014

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **21st day of March, 2025** are as follows:

**BY Hughes, J.:**

2024-C-00635     SUCCESSION OF CLADIE J. WADE (Parish of Rapides)

REVERSED AND REMANDED. SEE OPINION.

Justice Jeanette Theriot Knoll, retired, heard this case as Justice Pro Tempore, sitting in the vacant seat for District 3 of the Louisiana Supreme Court. She is now appearing as Justice ad hoc for Justice Cade R. Cole.

Weimer, C.J., additionally concurs and assigns reasons.

# SUPREME COURT OF LOUISIANA

## No. 2024-C-00635

## SUCCESSION OF CLADIE J. WADE

On Writ of Certiorari to the Court of Appeal, Third Circuit, Parish of Rapides

**HUGHES, J.***

This case presents two questions for this court. First, is the 2009 codicil valid in whole or in part and does it revoke the conditional legacy in the 2007 will? Second, is the conditional legacy in the will valid? We hold that the attempted conditional legacy in the codicil is invalid, that the conditional legacy in the will is not revoked, and that the conditional legacy in the will is valid. We reverse the decisions of the lower court, and remand for proceedings consistent with this opinion.

## FACTS

Cladie J. Wade died testate on May 8, 2011 while domiciled in Rapides Parish, Louisiana. She executed a statutory will on August 13, 2007, dividing most of her estate between her children Alma Rea Wade and Carl Wade. She also executed a codicil on November 17, 2009. The issue presented in the case at bar concerns a rental property in Oakland, California and conditional legacies in the August 13, 2007 will and 2009 codicil. The California property was never owned by Cladie as it was bequeathed to Alma by a family member.

* Justice Jeanette Theriot Knoll, retired, heard this case as Justice Pro Tempore, sitting in the vacant seat for District 3 of the Louisiana Supreme Court. She is now appearing as Justice ad hoc for Justice Cade R. Cole.

The conditional legacy in the 2007 will states:

> With respect to the property in Oakland, California which was owned by Theodore Harris and willed to me but placed in the name of Alma Rea Wade's name [sic] for accommodating purposes only, I will and bequeath that this property be sold and after all obligations incidental to the sale of the property have been paid, the remaining portion is to be divided equally among CARL WADE, ALMA REA WADE and CLADIE J. WADE. . . .
>
> If ALMA REA WADE does not sell the property in California and divide the proceeds from the sale in the manner I have previously suggested, I will and bequeath that all bequests I have made to Alma Rea Wade would be revoked and all of those bequests would go to CARL WADE. In other words, if she does not sell the property and divide the assets as requested, she is not to receive any bequests from me; Carl is to receive everything.

The 2009 codicil, styled as an "addendum," stated:

> The original will dated August 13, 2007 is to remain in effect **"as is"**. I revoke any and all subsequent wills I may have made revoking the contents of the will of August 13, 2007.
>
> On this day, I reaffirm that the will and testament that I expect to be probated, upon my death, is the will and testament dated August 13, 2007 executed before the undersigned notary.
>
> The purpose for my adding this addendum is to resolve the dispute involving the property that is located at 1501 Campbell Street, Oakland, California. With respect to that property which is in the name of Theodore Harris of which I am the owner, I will and bequeath that if the property is not sold prior to my death, I want the property to be owned equally by my two children, namely: ALMA REA WADE and CARL J. WADE. Further, if the property does not sell quickly or does not sell for what my two children feel is a fair and just amount, I will and bequeath that the property will continue to be rented and after all expenses are subtracted from the monthly rental, the residue will be divided equally between my two children, ALMA REA WADE and CARL J. WADE.
>
> When the property in California is sold, then the proceeds will be divided equally between my two children. [Emphasis in original.]

## PROCEDURAL HISTORY

This is the second time this court has considered this case.

**The Prior Judgment**

Initially, Alma challenged the conditional legacy in the 2007 will through summary judgment. Alma also challenged the conditional legacy in the 2009 codicil. Alma argued that the condition on her legacy -- to sell the California property and

divide the proceeds with Carl -- was in contravention of Louisiana Civil Code article 1519 as it is "contrary to the laws or to morals." Carl argued that the conditional legacy is an optional bequest not repugnant to the law or to good morals, and that Cladie's intent is clear and should be enforced.

The trial court upheld the conditional legacy in the 2007 will and gave Carl possession of Alma's share. This judgment was suspended for forty-five days to allow Alma to sell the California property if she chose to do so. Alma appealed. Without addressing the codicil, the court of appeal reversed on the basis that the conditional legacy was illegal and void under Louisiana Civil Code article 1519, concluding:

> We cannot sanction allowing Cladie to accomplish after death that which she could not lawfully do during her life. Further, we believe to rule otherwise would result in far-reaching consequences of elevating a testator's intent over the public interest of property ownership. . . .
> Simply stated, Cladie's testamentary rights cannot outweigh Alma's property ownership rights. We feel that to rule any other way would condone the 'wishes and conceits of the dead' at the expense of 'the rules of public order and policy which regulate the living.'

*Succession of Wade*, 20-589 (La. App. 3 Cir. 7/21/21), 326 So.3d 306, 307, 311 (quoting *Succession of Feitel*, 146 So. 145, 147 (La. 1933)).

This court granted Carl's writ application and vacated the judgments of the trial court and court of appeal, stating:

> The condition attached to the daughter's legacy in the testator's original will is a 'testamentary provision' subject to revocation under Louisiana Civil Code article 1608(2). Although the subsequent codicil does not mention the condition, it does address the ownership and use of the immovable property targeted by the condition. These codicil provisions are vague and ambiguous insofar as they bear on the testator's intent as to the condition. The interpretation of the codicil involves factual questions that are not appropriate for resolution by summary judgment. *See* La. Code Civ. Pro. art. 966; *see also* La. Civ. Code art. 1611A; *Succession of Stewart*, 301 So. 2d 872, 877 (La. 1974); *In re Succession of Bernat*, 11-368 (La. App. 3 Cir. 11/2/11), 76 So. 3d 1287, 1291, *writ denied*, 12-0263 (La. 3/30/12), 85 So. 3d 122.

*Succession of Wade*, 21-1171 (La. 11/23/21), 328 So.3d 72.

3

**The Instant Judgment**

After a hearing where Carl and Alma testified,[1] the trial court entered a judgment on December 13, 2022 finding that "the disinherison clause in the will and the related clause in the codicil to both be invalid" because "they involved the decedent's exercising control over property in California which she did not own."

The court of appeal affirmed in a 3-2 decision. *Succession of Wade*, 23-252 (La. App. 3 Cir. 4/24/24), 387 So.3d 831. It held that the will and the codicil contain bequests concerning a property that the testator did not own and are therefore without effect. The court of appeal also held that the 2009 codicil, while not a valid legacy of the California property, did have the effect of revoking the will's disposition of the California property and related condition. *See In re Hendricks*, 08-1914 (La. App. 1 Cir. 9/23/09), 28 So.3d 1057.

## LAW AND ANALYSIS

The first issue we must address is whether the bequest in the codicil is valid, and if it is not valid, whether the codicil revokes the conditional legacy in the will. Louisiana Civil Code article 1611(A) provides in part:

> The intent of the testator controls the interpretation of his testament. If the language of the testament is clear, its letter is not to be disregarded under the pretext of pursuing its spirit.

Absent the existence of a forced heir, a testator is free to dispense of her estate in any manner and impose any conditions not contrary to law or good morals. *See* La. C.C. art. 1519 ("In all dispositions inter vivos and mortis causa impossible conditions, those which are contrary to the laws or to morals, are reputed not written."). In cases involving null provisions of a will, "the invalidity of a portion of a will does not invalidate the will in its entirety." *Succession of Walters*, 259 So. 2d 12, 14 (La. 1972).

---

[1] The attorney who drafted the will and codicil died before the hearing.

We agree with the lower courts that the provision found in the last two paragraphs of the codicil are not valid. The codicil states: "With respect to that property which is in the name of Theodore Harris of which I am the owner, I will and bequeath that if that property is not sold prior to my death, I want the property to be owned equally by my two children . . . ." The codicil goes on to state that if the property does not sell quickly or does not sell for what Alma and Carl feel is a "fair and just amount," Cladie "will[s] and bequeath[s] that the property will continue to be rented" and the proceeds divided equally between the children.

The disposition of the California property in the codicil is an impossibility under Louisiana Civil Code article 1519 as Cladie did not own the property, despite what was written in the will and codicil. Furthermore, even if she did own the property, the provision in the codicil would not be valid as she is attempting to control the use of property after her death. *Succession of Feitel*, 146 So. 145, 147 (La. 1933) (invalidating a provision against alienation or mortgaging for ten years). Thus, this portion of the codicil is to be treated as not having been written. La. C. C. art. 1519.

We disagree, however, with the appellate court's determination that the codicil revoked the will's condition on the California property. Louisiana Civil Code article 1608(2) provides: "Revocation of a legacy or other testamentary provision occurs when the testator . . . [m]akes a subsequent incompatible testamentary disposition or provision." The 2009 codicil stated:

> The original will dated August 13, 2007 is to remain in effect **"as is"**. I revoke any and all subsequent wills I may have made revoking the contents of the will of August 13, 2007.
> On this day, I reaffirm that the will and testament that I expect to be probated, upon my death, is the will and testament dated August 13, 2007 executed before the undersigned notary. (Emphasis in original.)

We find that this language in the codicil is clear that the 2007 will is not being revoked by the codicil and that the 2007 will is to be probated. As stated in Judge

5

Bradberry's dissent, we would be "hard pressed to read that language as a revocation of the 2007 will." *Succession of Wade*, 387 So.3d 831 (Bradberry, J., dissent) (unpub.). Once the invalid sections are deemed not written, as directed by Article 1519, there is nothing in the codicil that would revoke the conditional legacy in the will. The codicil states that the will is to remain in effect "as is." Given this clear language, we hold that the codicil did not revoke the conditional legacy in the will.

The second issue presented is whether the conditional legacy in the will is valid. The conditional legacy in the will states that if Alma "does not sell the property in California and divide the assets as requested, she is not to receive any bequests from me; Carl is to receive everything."

Louisiana Civil Code article 1528 provides: "The donor may impose on the donee any charges or conditions he pleases, provided they contain nothing contrary to law or good morals." This court has given effect to other conditional legacies. *See, e.g.*, *Baten v. Taylor*, 386 So.2d 333 (La. 1979) (enforcing a will bequeathing property to testator's wife upon the condition that she survive him for thirty days, or, if the condition is not fulfilled, to his nephews, finding such provision not contrary to law); *Succession of Ruxton*, 78 So.2d 183 (La. 1955) (enforcing provision in a will bequeathing a sum of money to legatee on condition she was unmarried at the time of testator's death, finding such a provision was not against good morals and there was no law prohibiting it).

In *Succession of Wagner*, the testator, whose wife pre-deceased him, wished for his girlfriend to inherit a certain piece of land and made that bequest in his will. *Succession of Wagner*, 431 So.2d 10, 11 (La. App. 4 Cir. 1983). The land was community property, so the testator owned an undivided one-half interest. His will provided: "In the event that any of my children should object to the above and foregoing disposition of that particular lot to Marie Amick, then I will and bequeath

6

to the said Marie Amick the disposable portion of my entire estate." *Id.* By reviewing the will and the testimony of the attorney who drafted it, the court concluded that the testator was fully aware he could not bequeath full ownership in the lot and needed the "concurrence of his children" in order to effect his wishes. *Id.* at 12. The court further concluded that such a provision was within the parameters of Article 1528. *Id.* The court noted that the children could not be required to transfer their interest in the lot and that the conditional bequest did not deprive the forced heirs of anything to which they were legally entitled. *Id.*

It is true, as the lower courts note, that one cannot bequeath what one does not own, and any such legacy is void to that extent. La. C.C. art. 1519; *Succession of Marion*, 112 So. 667 (1927). It is also true that a testator cannot attempt to control use of a property after death. *Succession of Feitel*, 146 So. at 147. Here, the testator was directing the disposition of her own property at death by means of a conditional legacy, so the question is whether the provision is contrary to law or good morals. *Succession of Maloney*, 23-01447 (La. 9/4/24), 392 So.3d 302, 305 ("Absent the existence of a forced heir, a testator is free to dispense of her estate in any manner and impose any conditions not contrary to law or good morals. *See* La. C.C. arts. 1519 and 1528.")

In the present case, Alma is not a forced heir, and Cladie was not obligated to leave her anything. Although Cladie did not own the California property, she was not attempting to bequeath that property, nor was she attempting to control the use of bequeathed property after her death. Like the children in *Wagner*, the conditional provision simply gives Alma a choice to sell the California property in order to receive an inheritance. We find nothing in this conditional legacy to be contrary to law or good morals.

7

**CONCLUSION**

Based on the forgoing, we hold that the 2009 codicil did not revoke the conditional legacy in the will concerning the property in Oakland, California, and that the conditional legacy in the will is valid and enforceable. We reverse the decisions of the lower courts, and remand for proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

# SUPREME COURT OF LOUISIANA

## No. 2024-C-00635

## SUCCESSION OF CLADIE J. WADE

*On Writ of Certiorari to the Court of Appeal, Third Circuit,*
*Parish of Rapides*

**WEIMER, C.J.**, additionally concurring.

Although the evidence is not precisely clear, apparently the testator, Cladie Wade, expected to be bequeathed the California property from her nephew. Cladie was unable to visit her nephew in California immediately prior to his death, but her daughter, Alma Wade, did go to California. Ultimately, the nephew willed the California property to Alma rather than Cladie. Cladie's disappointment in Alma receiving the California property appears to have fueled Cladie's decision to attempt to ensure that her son, Carl Wade, and her daughter, Alma, received equal portions of inherited property. When these facts are considered in conjunction with the conditional testamentary dispositions of Cladie, her motive appears to have been to achieve equality and fairness regarding what her son and her daughter each received in inherited family property.

While motive is not necessarily a factor in evaluating why a particular condition is inserted into a testament, it can shed light on whether the condition is "contrary to the laws or to morals" and, thus, reputed as if not written. See La. C.C. art. 1519.

Achieving equality and fairness between siblings in what is inherited is not contrary to the law or morals. Indeed, in the absence of a will, each child is treated equally when inheriting from a parent. See La. C.C. art. 888.