347 So.2d 79 (1977)
SUCCESSION of Pierre Tanner TATUM.
No. 13261.
Court of Appeal of Louisiana, Second Circuit.
May 23, 1977.
Rehearing Denied June 22, 1977.
*80 Sion Smith Tatum, in pro. per.
Paul W. Cary, Shreveport, for S. S. Tatum as Testamentary Executor, defendant-appellee.
Booth, Lockard, Jack, Pleasant & LeSage by Joe C. LeSage, Jr., Shreveport, for Selma Tatum, defendant-appellee.
Before HALL, MARVIN and JONES, JJ.
En Banc. Rehearing Denied June 22, 1977.
JONES, Judge.
Sion Smith Tatum appeals from a judgment rejecting his demand that two testamentary trusts established by his father be declared invalid. We affirm.
Pierre Tanner Tatum died testate in Shreveport on April 9, 1975, leaving a wife by a second marriage, one son, Sion Smith Tatum, and two grandchildren, issue of Sion Smith Tatum. The decedent's statutory will, dated September 21, 1974, provided for two trusts (hereafter called the cemetery trust and the real estate trust). The pertinent portions read:
"I desire and direct that all my just debts be paid as soon as is practical after my death. I desire that my funeral expenses be paid from a SIX THOUSAND AND NO/100 ($6,000.00) DOLLARS CERTIFICATE OF DEPOSIT that I own. After the payment of my funeral expenses from this SIX THOUSAND AND NO/100 ($6,000.00) DOLLARS certificate of deposit, I desire that the remaining funds left from this certificate of deposit be set up in a trust with some reputable trust company for the maximum period of time authorized by law for trust and that from the interest earned each year the sum of TEN AND NO/100 ($10.00) DOLLARS be paid to each of the following cemeteries for their maintenance and upkeep, to-wit: the Oak Grove Cemetery and the Converse Cemetery. Should the remaining funds from this certificate of deposit not be sufficient to produce the sum of TWENTY AND NO/100 ($20.00) DOLLARS per year from interest on said certificate of deposit I then order that the trustee be authorized to encroach upon the principal in order to fulfill this bequest until the total of the remaining funds left from this certificate of deposit be expended. Should there be sufficient funds remaining after the payment of my funeral expenses so that this certificate of deposit will produce the sum of TWENTY AND NO/100 ($20.00) DOLLARS per year for interest, I hereby direct that the trust last for the maximum period of time provided *81 under the law. At the end of that period of time, I direct that the remaining funds be disposed of in accordance with the law.
* * * * * *
"I hereby direct that a trust be set up with some reputable trust company named as the trustee to administer the corpus of said trust and that the following described property located in Sabine Parish, Louisiana, be included in said trust as a principal of the corpus, to wit: Two hundred three and one-third (2031/3) acres of land more less (sic) * * *
"Said trust to be effective for the maximum period allowed under the law to be administered for the benefit of my beloved son, SION SMITH TATUM. The said trustee shall have full authority with respect to the administration of said property and that my son shall receive the benefits from any and all funds derived from the administration of said corpus. It being my intent here that my son, SION SMITH TATUM, receive the benefits from the administration of the trust to be set up with some reputable trust company for the maximum period of time authorized for said trust in Louisiana and that the two hundred three and one-third (2031/3) acres of land described herein above be administered for the benefit of my son. All funds received from the administration of said trust shall be payable to my son in an orderly and business like manner by the trustee. At the expiration of said trust, any funds still held to be disposed of in accordance with law."
The residuary legatees under the will were the deceased's two grandchildren. Sion Smith Tatum was named as testamentary executor.
Sion Smith Tatum brought this declaratory judgment proceeding in proper person asking that the trusts be declared null and of no effect. An attorney, employed by Sion Smith Tatum in his capacity as executor, defended the testator's interest.
Oak Grove Cemetery and Converse Cemetery renounced the bequest in trust to them. Because of this, the lower court held the question of the validity of the cemetery trust was moot. The lower court declared the real estate trust for the benefit of Sion Smith Tatum was valid.
When beneficiaries of the cemetery trust renounced the benefits, it was not necessary for the lower court to pass on the validity of the cemetery trust because refusal by the sole beneficiary causes the trust to fall. LSA-R.S. 9:1990(1). The intended corpus will devolve on the residuary legatees.
With respect to the real estate trust, Sion Smith Tatum contends the language of the will is not sufficient to establish a trust; the principal beneficiary is not ascertainable and vested at the death of the settlor; and his legitime is not satisfied by the bequest in trust.
LSA-R.S. 9:1753 states:
"No particular language is required to create a trust, but it must clearly appear that the creation of a trust is intended.
"A trust instrument shall be given an interpretation that will sustain the effectiveness of its provisions if the trust instrument is susceptible of such an interpretation."
The language of the will clearly evidences the testator's intent to establish a trust. It directs a trust be created, a trustee appointed and clearly describes the corpus of the trust. The will names the beneficiary (see discussion below); establishes a maximum term; and provides for payment of all income produced from the corpus of the trust. It is of no import the trustee is not specifically named in the will. LSA.R.S. 9:1785. It is also of no import that the settlor ". . . directed a trust be set up. . ." instead of using more formal language to establish the trust. LSA-R.S. 9:1753, quoted supra.
The contention that a principal beneficiary is not named or ascertainable is also without merit. While the will does not expressly designate Sion Smith Tatum as the principal and income beneficiary, it *82 clearly and expressly provides that the trust is ". . . to be administered for the benefit of my beloved son, Sion Smith Tatum. . . ."[1] The will additionally states that Sion Smith Tatum shall receive the benefits and that all funds from the trust shall be payable to Sion Smith Tatum. The provisions of the will establishing this trust cannot be interpreted other than as intending Sion Smith Tatum to be both income and principal beneficiary of the trust.
Since the will has designated a principal and income beneficiary whose interests in the trust are established from its inception, Sion Smith Tatum's argument that the disposition is a prohibited substitution need not be considered. LSA-R.S. 9:1723; Succession of Materiste, 273 So.2d 617 (La.App., 1st Cir. 1973).
Sion Smith Tatum also complains the disposition in trust impinges on his legitime. LSA-R.S. 9:1841 expressly provides:
"The legitime or any portion thereof may be placed in trust provided:
(1) The net income accruing to the forced heir therefrom is payable to him not less than once each year; and
(2) The forced heir's interest is subject to no charges or conditions except as provided in R.S. 9:1843 and 9:1844; and
(3) The term of the trust, as it affects the legitime, does not exceed the life of the forced heir; and
(4) The principal shall be delivered to the forced heir or his heirs, legatees, or assignees free of trust, upon the termination of the portion of the trust that affects the legitime."
The bequest in trust to Sion Smith Tatum meets the requirements of this section.[2]
The judgment declaring the validity of the real estate trust is affirmed at appellant's cost.
NOTES
[1] See LSA-R.S. 9:1801, which provides "A beneficiary is a person for whose benefit the trust is created . . . ."
[2] Pierre Tatum's net estate was valued at $52,599.11. Sion Smith Tatum was bequeathed land free of the trust valued at $1300 and land subject to the trust valued at $20,000. He has therefore received more than one-third of his father's estate, LSA-C.C. Art. 1493, and his legitime is satisfied.