COVINGTON, Judge.
The Trustee, Murphy W. Bell, has appealed[1] the judgment of the district court which held the trust created by Tracy E. Baker, the Settlor, terminated by its terms on the death of the Settlor, and that all properties held by the Trustee belong to and are a part of the succession of Tracy E. Baker, who died intestate on January 19, 1979.
Ruth Addie Baker McQuillon, a sister of the decedent, alleging that she is the closest living relative and sole heir of the decedent, opposes the trust. The basis for her contention is the failure of the trust instrument to comply with the requirements of the Louisiana Trust Code, and, in particular, the failure of the Settlor to designate or identify the beneficiaries in the trust instrument.
At issue in the instant case is the legal efficacy of a purported revocable inter vi-vos trust executed by Tracy E. Baker, as Settlor, on December 20, 1967.
The trial court, in a well-reasoned written opinion, held that the trust was valid, but that it terminated or failed at the death of the Settlor since it failed to name a principal or income beneficiary after the death of Miss Baker. In his written reasons for judgment the trial judge stated:
“On December 20, 1967, Miss Tracy E. Baker, as Settlor, executed a Revocable Inter Vivos Trust. In this proceeding, the administratrix of the Succession of Tracy E. Baker, Ruth Addie Baker McQuillon, seeks a declaration that the trust instrument is invalid and without force and effect. Alternatively, she seeks to have the trust instrument declared as having failed at the death of Miss Tracy E. Baker, and that the properties transferred to the trustee, Mr. Murphy W. Bell, belong to and form part of the estate of the decedent.
“The matter now before the Court involves only a matter of law. The trust instrument in question is in the record, and there is no dispute as to its authenticity. The dispute centers around the interpretation of the trust instrument as it relates to the requirements for a Revocable Inter Vivos Trust as set out in the Louisiana Trust Code. As there are no *1262 questions of fact for the Court to determine, it was agreed by and between counsel that the case would be submitted to the Court for decision by briefs filed on behalf of the Administratrix, and on behalf of the Trust and Murphy W. Bell, Trustee. The Court has received said briefs and has given them careful consideration in the formation of its decision in this matter.
“The Administratrix bases her argument that the purported Trust is invalid, or in the alternative that it failed on the death of the Settlor, on three provisions of the Louisiana Trust Code: La.R.S. 9:1802, La. R.S. 9:1803, and La.R.S. 9:1971. These three provisions provide that a beneficiary must be designated in the trust instrument, that said beneficiary must be in being and ascertainable on the date of the creation of the trust, and that the interest of a principal beneficiary is acquired immediately upon the creation of the trust.
“It is the position of the Administratrix that the Trust executed by Tracy E. Baker fails to state a principal beneficiary, and therefore, under the above cited statutes, is in contravention of the Trust Code of Louisiana. The Administratrix argues that the Settlor is identified as the sole income beneficiary during her lifetime, but that no principal beneficiary is clearly named. In the alternative, the administratrix argues that even if the Trust could be interpreted to provide that the Settlor intended herself to be both income and principal beneficiary during her lifetime, and that this ■ interest as principal beneficiary would shift at her death, such a provision would be invalid as the Trust Code prohibits the substitution of principal beneficiaries.
“In response, the Trust and Murphy W. Bell, Trustee, argue that the Trust executed by Miss Baker conforms to the provisions of the Louisiana Trust Code, and more particularly, to the requirements of La.R.S. 9:1802, La.R.S. 9:1803 and La.R.S. 9:1971 that the beneficiary be designated, in being and ascertainable by standards stated in the trust instrument. Further, the Trust and Mr. Bell, as Trustee, assert that the trust instrument affects a disposition of the trust property as it imposes upon the trustee the obligation of making certain dispositions.
“It is clear from the trust instrument itself that no specific principal beneficiary was named by the Settlor during her lifetime. It is equally clear from the language of the trust instrument itself that the Settlor names herself as the sole income beneficiary during her lifetime. (Paragraph 4.1 of the trust instrument) The Court does not accept the argument of counsel for the Trust and Mr. Bell, Trustee, that the instrument names the Israel Universal Divine Spiritual Churches of Christ as the principal beneficiary during the lifetime of the Settlor. The Court is of the opinion that the language of the trust instrument is not clear enough to establish that it was the intent of the Settlor to name said religious organization as the principal beneficiary during her lifetime.
“Having found that the trust instrument names the Settlor herself as the income beneficiary during her lifetime and that there is no principal beneficiary during her lifetime designated, the Court now reaches the question of whether the trust instrument fails ab initio in the absence of a named principal beneficiary during the lifetime of the Settlor. It is the opinion of the Court that the trust instrument executed by Miss Tracy E. Baker on December 20, 1967, and entitled Revocable Inter Vivos Trust is not invalid, illegal, null, and void and of no force or effect for failure to specifically name a principal beneficiary during the lifetime of the Settlor.
“La.R.S. 9:1802 requires that a beneficiary be designated in the trust instrument. It does not require that both a principal beneficiary and income beneficiary be named. As pointed out by counsel for the Trust and Mr. Bell, as Trustee, Comment (c) of the Louisiana Civil Law Institute under said statute states that if the trust instrument designates either a *1263 beneficiary of income or of principal, the trust does not fail.
“The Court must now address the contention of the Administratrix that the trust failed at the death of Miss Baker because of a failure of the trust instrument to name an income beneficiary after the death of the Settlor. It is the opinion of the Court that the language of the trust instrument which purports to establish certain income and/or principal beneficiaries after the death of the Settlor is not sufficient to make a disposition of the property included in the trust instrument. It is further the opinion of the Court that the language of Paragraph 5.1 is merely a precatory suggestion on the part of the Settlor and is not legally enforceable. “The Court agrees with counsel for the Administratrix that the trust instrument attempts to transfer certain property upon the death of the Settlor to a trustee who is not bound as to the use of the principal and income or the beneficiaries of said principal and income. Such a disposition is prohibited by Louisiana Law, specifically by Louisiana Civil Code Article 1573.
“Accordingly, for these written reasons assigned, it is the judgment of the Court that although the Revocable Inter Vivos Trust executed by Miss Tracy E. Baker on December 20, 1967 was valid and enforceable ab initio, said trust failed at the death of the Settlor as it did not properly name either a principal or income beneficiary after the death of the Settlor. “Judgment will be signed accordingly. “Baton Rouge, Louisiana, this 23rd day of June, 1981.
“/s/ Steve A. Alford. Jr.
“STEVE A. ALFORD, JR.,
JUDGE”
A beneficiary must be designated in the trust instrument. LSA-R.S. 9:1802; Op-penheim and Ingram, 11 Louisiana Civil Law Treatise, Trusts § 152, p. 208. If either a beneficiary of income or principal is designated, the trust does not fail. Comment (c) under LSA-R.S. 9:1802. Thus, the trial court was correct in holding that the trust instrument was not invalid from its inception. We also agree with the trial court that the trust terminated or failed upon the death of the Settlor. The trust does not name an income or principal beneficiary at the Settlor’s death. The pertinent provision of the trust instrument (paragraph 5.1) reads as follows:
“At the death of the Settlor, the net income of the property donated herein, or the principal thereof, or any part or portion of both, in the discretion of the trustee, may be used in the following manner:
“(a) Annual donation of cash or property to the ISRAEL UNIVERSAL DIVINE SPIRITUAL CHURCHES OF CHRIST in amounts and at times discretionary with the Trustee, to assist in the maintenance, beautification and upkeep, solely, of the Saint Philip DIVINE SPIRITUAL CHURCH OF CHRIST, THE GEORGIANA GUEST HOUSE, and THE TRACY E. BAKER EDUCATIONAL AND RECREATIONAL CENTER. These institutions are located in Baton Rouge, Louisiana on a tract of land donated by separate instrument to ISRAEL UNIVERSAL DIVINE SPIRITUAL CHURCHES OF CHRIST.
“(b) A portion of the income from said trust fund, or of the principal, in the discretion of the Trustee, may be used to establish grants for deserving boys and girls, preferably members of SAINT PHILIP DIVINE SPIRITUAL CHURCH OF CHRIST, but not exclusively, who desire to go to college, or to further their education. The Trustee is given the right, in his discretion, to designate the criteria used in making said grants, or fixing the amount thereof; he may create or change, from time to time, and as often as he may deem wise, the criteria for selecting the beneficiaries for this particular class, eligible to receive grants under this section. These grants shall be known as THE TRACY E. BAKER SCHOLARSHIPS.
*1264 (c) Annual donations of cash or property, in amounts and manner discretionary . with the Trustee, may be given to those organizations, local or national, who work in the area of civil rights, voter registration of Negroes, civic betterment and political education of Negro citizens.”
This language is a precatory suggestion to the Trustee. Precatory suggestions are not dispositive; they merely address the conscience of the person to whom directed and are treated as not written, or are not binding in law. Succession of Barry, 250 La. 435, 196 So.2d 265 (1967).
The present case is distinguishable from Succession of Tatum, 347 So.2d 79 (La.App.2 Cir. 1977), writ refused, 350 So.2d 896 (La.1977), where the trust expressly provided that it was to be administered for the benefit of the testator’s son and that all funds from the trust would be payable to the son. Under such circumstances, the court properly found the designation of the beneficiary to be adequate. The Tatum situation is not present in the case at bar.
LSA-R.S. 9:1964 provides for the termination of an interest in income upon the death of the designated beneficiary. See Oppenheim and Ingram, supra at § 174, p. 219. In the present case, the trust instrument does not provide to any person the right to receive the corpus itself at a future time. Thus, the trust terminated upon the death of the Settlor, and the trust property passes to the succession of Tracy E. Baker, free of the trust.
Moreover, we find that this trust failed at the death of the Settlor, because what she tried to do in this inter vivos trust was to transfer certain property to a trustee who was in no manner bound as to the use of the principal or income. She was in effect attempting to vest her properties in a third person who was accorded unlimited discretion in the disposition of her property upon her death, which is prohibited by LSA-C.C. art. 1573.[2]
For the assigned reasons, the judgment appealed is affirmed at appellant’s costs.
AFFIRMED.

. Israel Universal Divine Spiritual Churches of Christ was named a defendant in the lawsuit, but has not appealed. The judgment insofar as it is concerned is thus final.

. LSA-C.C.art. 1573 provides:
“The custom of willing by testament, by the intervention of a commissary or attorney in fact is abolished.
“Thus the institution of heir and all other testamentary dispositions committed to the choice of a third person are null, even should that choice have been limited to a certain number of persons designated by the testator.”