252 So.2d 507 (1971)
Succession of Albert J. KERN.
No. 4529.
Court of Appeal of Louisiana, Fourth Circuit.
July 15, 1971.
Rehearing Denied October 6, 1971.
Writ Refused November 23, 1971.
*508 Jules A. Carville, III, and Thomas J. Malik, LaPlace, LaDart & LaDart, Harvey, for defendant-appellee.
Edward J. Norton, Jr., New Orleans, for Lawrence J. Kern, Jr., M.D. plaintiff-appellant.
Roos & Roos, Leo S. Roos, New Orleans, for Crippled Children's Hospital of New Orleans, Inc. intervenor appellants.
Before SAMUEL, GULOTTA, and BARNETTE, JJ.
GULOTTA, Judge.
This is an action by Lawrence J. Kern, Jr., by which he attacks the provisions of the will of his uncle, Albert J. Kern, the decedent herein. In his petition, he seeks to be recognized a legatee of the decedent, and alternatively attempts to nullify the will in order to have the succession assets distributed in accordance with the rules applicable to intestate successions.
The Crippled Children's Hospital, Inc., a special legatee under the will, answered, denied the validity of the plaintiff's suit, and filed a reconventional demand seeking to be declared the testator's sole legatee under a penal provision of the will prohibiting the challenge or protest of its provisions by any heir.
The dative testamentary executor and the residual legatees, all made defendants, filed answers to both petitions seeking rejection of the demands made by the original plaintiff and the plaintiff in reconvention.
After a trial on the merits, judgment was rendered dismissing the suits of plaintiff and plaintiff in reconvention and from that judgment they have prosecuted this appeal. The dative testamentary executor filed an answer to the appeal of Lawrence J. Kern, Jr., and requested damages from him for frivolous appeal in the amount of $80,000.
The testator died on July 14, 1969, leaving a will in olographic form dated June 2, 1958. He had never been married and died without forced heirs. He was survived by four siblings, Anna Kern Persich, Beryl Kern Born, Irwin Kern and Clinton Kern.[1] Two brothers, Lawrence and Charles Kern, predeceased the testator by several years, and the original plaintiff is the only son of Lawrence Kern.[2]
The testator's will contained three particular bequests. He left $10,000 to a niece, Adelia Persich, all of his jewelry to another niece, Karen Kern, and $10,000 to The Crippled Children's Hospital, Inc., in New Orleans. The remainder of his property was left to his brothers and sisters with the provision that the $10,000 for The Crippled Children's Hospital should be paid from the portion to be received by his sister, Beryl. The testator also inserted a penal clause in the will prohibiting challenge or protest of its provisions in any way by any heir.
The plaintiff, Lawrence J. Kern, Jr., argues he should be recognized as a legatee of his uncle by representation of his father, because the will granted the residuum of the testator's property to his siblings by the words "to my brothers and sisters," without mentioning names. It is the plaintiff's contention that the testator intended by implication to make the law of inheritance by representation apply to his testate succession. Plaintiff reasons that if Beryl Kern Born had predeceased the testator, her legacy would have lapsed and the particular legacy to The Crippled Children's Hospital, to be paid by diminishing her share to its extent, would have lapsed with it.[3] Hence, the plaintiff argues that *509 the testator intended to incorporate the law of inheritance by representation in his will so that the heirs of his legatees would be burdened with the legacy to the hospital in the event that Beryl would predecease testator. In effect, the plaintiff argues that the testator intended in his will to make the rules of intestate successions apply to his testate succession.[4]
The plaintiff's contention is clearly without merit. The testator drew his will in 1958, approximately five years after the death of his brother, Lawrence, and approximately twenty-seven years after the death of his brother, Charles. He was fully aware that these persons were dead when he made his "brothers and sisters" residual legatees; and the legacies to his two nieces clearly shows that he knew what type of provisions were necessary in order to grant his property to his collaterals in the second degree. It is clear that the testator simply ignored the plaintiff in his will, and it was his legal right to do so since the plaintiff was not a forced heir. Even assuming for the sake of argument that the testator could have made the laws of intestacy apply to a testate succession, the provisions of the will make it abundantly clear that it was not his intention to do so.
In an attempt to place the succession assets in intestacy, the plaintiff alternatively argues that the will is invalid because it contains two prohibited substitutions. Such substitutions are defined in Civil Code Art. 1520 as follows:
"* * *
"Every disposition not in trust by which the donee, the heir, or legatee is charged to preserve for and to return a thing to a third person is null, even with regard to the donee, the instituted heir or the legatee. (As amended Acts 1962, No. 45, § 1.)"
Contrary to the plaintiff's argument, the language of the will shows that no substitution was created when the $10,000 legacy to The Crippled Children's Hospital, Inc., was ordered taken from the portion to be received by Beryl Kern Born. The will provided:
"The balance of my estate I leave to my brothers and sisters, except that $10,000 dollars of my sister, Beryl, inheritance is to be given to the Crippled Childrens Hospital,200 Henry Clay Ave., New Orleans, La."
The will does not provide in any way for Mrs. Born to take the bequest or a portion thereof, and hold or return it to a third person at a later date. The testamentary provision merely states that the residuary legatees take the remainder of the testator's property, but that before Mrs. Born receives her portion, $10,000 is first to be deducted and given to the hospital. Since she never receives the $10,000, it cannot be said that she is charged to preserve it for a third person. Even the plaintiff concedes in his brief that if this construction is placed on the clause it would not constitute a prohibited substitution. We are convinced that this is precisely what the testator intended and that the provision in question is not a prohibited substitution.
The other substitution referred to by the plaintiff is allegedly contained in the penal clause by which the testator attempts to prohibit any protest or contest regarding his dispositions. Plaintiff contends that the effect of the penal clause is the donees would receive title, then upon the happening of an event; i. e., protest of the will by an heir, over which the donees have no control, title to the legacy would then transfer to the third party hospital. An analysis of the plaintiff's argument in this respect would be futile since, as will be discussed below, the penal clause is contra bonos mores, null in its entirety and therefore regarded as if it were not in the will.
*510 The penal clause in question provides:
"I asked for no help in writing this will and I have received none. Should it be challenged or protested, in any way by any heir it becomes null and void and my entire estate is to be given to The Crippled Children Hospital200 Henry Clay Ave. New Orleans, La."
The clause prohibits challenge or protest "by any heir." There can be no question that under Civil Code Art. 887 the plaintiff, as nephew of the deceased, is a collateral heir. Since the plaintiff has filed suit protesting the will, it is not necessary for us to consider the actions of the other heirs and legatees which the plaintiff contends constitute challenges to the will.[5]
Hence, we are directly faced with the question of the validity of the penal clause in the testator's will. The Crippled Children's Hospital argues that the clause is valid and is not contra bonos mores. It bases its argument to a great extent on the obvious fact that the testator had no forced heirs, and that the clause does not encroach on anyone's forced portion or legitime. It also argues the legal conclusions that the penal clause contains no illegal or immoral conditions.
If the clause in question were restricted to protests or challenges by the legatees receiving a benefit from the will, there would be little problem in the absence of forced heirs. However, the clause in question prohibits protest by "any heir," whether or not he is a party to the will or benefits thereby. Under the circumstances, the legatees are virtually helpless and at the mercy of any heir not mentioned in the will. Such an heir need only threaten to file suit in order to force a legatee to surrender a portion of his legacy to prevent the have-not heir from instituting legal proceedings. The provision in the will before us is particularly vicious since there is a third party, not an heir, designated to reap the benefits of a protest or challenge "by any heir." Under such circumstances the legatees can be placed in contest against the beneficiary of the penal clause, and the heir can then force them to bid to ascertain whether one or the other can pay a higher sum to have him file, or refrain from filing, suit to automatically put the penalty clause into effect. Such a provision is repugnant to law and good morals and cannot be sanctioned by the courts. LSA-R.C.C. art. 1519.[6]
The final question for our consideration is whether the appellant is liable in damages under Art. 2164 of the Code of Civil Procedure for prosecuting a frivolous appeal.
While that article allows this court to award damages if an appeal is taken frivolously, the jurisprudence has long provided that damages for frivolous appeal are not allowable even though an appeal is without serious merit, unless it is manifest that the appeal was taken solely for the purpose of delay and counsel does not sincerely believe in the view of the law he advocates.[7]
Moreover, with regard to the sincerity which must be expressed by counsel, the Supreme Court has stated that when an attorney on appeal proclaims his sincerity in the position he advocates, the court is without just cause to disbelieve his sincerity unless, and only unless, the proposition advocated is so ridiculous or so opposed to *511 rational thinking that it is evident beyond any doubt that the position is being deliberately professed for ulterior purposes.[8]
In the case before us, one need only refer to the provision of the will regarding the penal clause to see that there were questions regarding its application and validity. Counsel has professed his sincerity in the position he argues, and we see no reason for imposing upon his client damages for appealing from a judgment based on a will which contained provisions susceptible to different interpretations by reasonable men.
For the foregoing reasons, the judgment appealed from is affirmed. Both plaintiffs are to share the cost of their contest and of this appeal equally. The matter is further remanded to the trial court for further proceedings towards the completion of the succession.
Affirmed and remanded.
NOTES
[1] Clinton Kern died approximately one week before the trial of this matter in the lower court.
[2] The whereabouts of Charles Kern, Jr., the only son of Charles Kern, are unknown.
[3] Art. 1697 of the Louisiana Civil Code provides that a testamentary disposition becomes without effect if the legatee predeceases the testator.
[4] Representation is a fiction of the law by which a representative is placed in the same degree generally and possesses the same rights as the person represented. C.C. Art. 894. Under 897 it is applied to collaterals, but both articles apply only to legal or intestate successions.
[5] Plaintiff contends that the will was protested or challenged by the fact that each of testator's four brothers and sisters paid his proportionate one-fourth of the legacy to the Crippled Children's Hospital instead of the entire amount thereof being taken from Mrs. Born's legacy, and that the brothers and sisters challenged or protested the will by requesting the attorney appointed by the testator to withdraw in favor of other attorneys who were members of the family.
[6] See: Brown, "Provisions Forbidding Attack In A Will," 4 Tul.L.Rev. 421 (1929) for discussion of the historical background of R.C.C. art. 1519 and comparable provisions in other civil law jurisdictions.
[7] Lanza Enterprises, Inc. v. Continental Insurance Co., 129 So.2d 91 (La.App. 3rd Cir. 1961).
[8] Parker v. Interstate Life and Accident Insurance Co., 248 La. 449, 179 So.2d 634 (1965).