BARRY, Judge.
Herbert U. Wagner died testate on August 26,1975 at his domicile in Plaquemines Parish. He was married on October 4,1917 to Byrtie A. Fisher and they had five children. Mr. Wagner’s wife pre-deceased him and one of their children, Herbert G. Wagner, died on October 3, 1972 and was survived by a son. The dispositive portion of his will provides:
All of the property which I own is located in Louisiana and is community property, belonging to the community formerly existing between myself and my deceased wife.
I give and bequeath to Marie Amick A LOT OF GROUND, situated in Plaquemines Parish in Star Plantation, measuring 167' feet front on the right descending side of Louisiana State Highway No. 23 by a depth of 200' feet between equal and parallel lines. Said lot is to be taken from the upper portion of my property.
In the event that any of my children should object to the above and foregoing disposition of that particular lot to Marie Amick, then I will and bequeath to the said Marie Amick the disposable portion of my entire estate.
The will was probated on May 26, 1976. Marie Amick, the legatee, died January 6, 1979 and her brother-in-law, Willis Harrison Stanford, was placed in possession of her entire estate, including her interest in the Wagner succession. On November 12, 1979 Mr. Wagner’s forced heirs filed a petition for possession urging that the decedent owned only an undivided one-half interest in the property[1] and could not bequeath a particular portion to Amick. The heirs submit that the designated portion amounted to one-eightieth of the whole and Stanford (Amick’s heir) is entitled to an undivided one-eightieth interest in the two plots. They further contend the alternate bequest of the disposable portion to Amick should be considered a penalty clause and is contra bonos mores under Succession of Kern, 252 So.2d 507 (La.App. 4th Cir.) writ denied 259 La. 1050, 254 So.2d 462 (1971).
Stanford filed an opposition to the petition for possession asserting he should receive the land bequest or, alternatively, the disposable portion of the decedent’s estate. He concedes the testator could not bequeath full ownership of property in which he had an undivided one-half interest, however, Stanford contends the will afforded Wagner’s children the option of conveying their one-half interest in the lot or receiving their legitimate with the disposable portion going to Mrs. Amick’s heir.
The district court judgment granted an option to the forced heirs to either transfer their interest in the designated lot to Stanford or they would receive their forced portion and Stanford would receive the disposable portion.
*12 The judgment allowed the forced heirs forty-five days to exercise their option and they now appeal suspensively. Stanford answered requesting that the decree be modified to set forth the exact boundaries of the designated lot or the manner for setting the boundaries.
LSA-C.C. Art. 1712 provides the basic principle to apply when interpreting testaments:
In the interpretation of acts of last will, the intention of the testator must principally be endeavored to be ascertained, without departing, however, from the proper signification of the terms of the testament.
Our courts have stated the testator’s “intention must be ascertained from the whole will, and effect must be given to every part of the will as far as the law will permit. No part of a will should be rejected, except what the law makes it necessary to reject. Where it is a question of the choice between two interpretations, one of which will effectuate, and the other will defeat, a testator’s intention, the court should select that interpretation which will carry out the intention of the testator.” Succession of LaBarre, 179 La. 45, 48, 153 So. 15, 16 (1934). See also Carter v. Succession of Carter, 332 So.2d 439 (La.1976).
The entire will is dedicated to Marie Amick’s receiving a portion of Wagner’s estate. If the specific bequest was the only provision in the will Amick would be entitled to only an undivided one-half interest in the designated property because that was all Mr. Wagner owned[2]. A testator cannot bequeath that which is not owned and any such legacy is void to that extent. LSA-C.C. Arts. 1519, 1639. Succession of Marion, 163 La. 734, 112 So. 667 (1927). However, the will convinces us that Mr. Wagner’s intent was to give Amick full ownership of the lot, even though he knew he couldn’t.
“The intention [of the testator] must be ascertained from the whole will and effect must be given ... as far as the law will permit.” Succession of LaBarre, supra. (Our emphasis.) The testator acknowledged that all of his property was community which was the only reason for him to specify the alternate bequest. That leaves no doubt Mr. Wagner was fully aware he could not bequeath the particular lot in full ownership to Amick. He understood the concurrence of his children was necessary in order to effect his wishes.
The testator’s intention was amplified by the testimony of Emile E. Martin, III,[3] then an attorney who drafted the will. Judge Martin testified that Mr. Wagner’s sole purpose for writing his will was to give Amick full ownership of the property where her trailer was located. Judge Martin advised Mr. Wagner that the “community” aspect of the property would be a problem unless his children agreed to transfer their interest to Mrs. Amick for her to acquire full ownership. Judge Martin said Mr. Wagner then became “adamant,” reported that he and his children were not on good terms, and stated if they refused he wanted to leave Mrs. Amick his entire estate. Judge Martin then explained the laws on forced heirship and the subject will resulted containing the alternate legacy.
We are satisfied Mr. Wagner knew his bequest could not be accomplished without his children’s cooperation. Foreseeing the possibility they would not comply, he saw fit to include the alternative provision.
Legitime imperanti parere necesse est —one lawfully commanding must be obeyed. We cannot require Mr. Wagner’s children to transfer their interest in the lot to Amick’s heir. They alone have the capability to comply with their father’s request. Otherwise, the alternative disposition is effective which we view as a conditional do *13 nation and within the parameters of the law. LSA-C.C. Art. 1527[4].
The forced heirs argue that the alternate provision is a penalty clause and should not be given effect, citing LSA-C.C. Art. 1519[5] and Succession of Kern, supra. We disagree. Kern did not involve forced heirs. The provision in Kern was that a protest by any heir, not just a legatee under the will, would result in the entire estate going to a third party. This Court felt that provision “particularly vicious ... repugnant to law and morals” as it rendered the legatees “helpless and at the mercy of any heir not mentioned in the will. Such an heir need only to file suit in order to force a legatee to surrender a portion of his legacy to prevent the have-not heir from instituting legal proceedings.”
That is not the case here. The option flows to the forced heirs, not to “any” heir. It puts no one in a position to defeat a legacy by merely objecting or contesting the will. It simply implements the alternative provision if the heirs do not comply with the testator’s wishes. The alternative bequest will not deprive the forced heirs of anything they are legally entitled to, i.e., their legitime. The forced heirs have no “right” to the disposable portion; the testator has a right to bequeath the disposable portion in any manner. Succession of Hyde, 292 So.2d 693 (La.1974). We find the optional bequest is not repugnant to law or good morals and is valid as a conditional legacy.
The testator died August 26, 1975, was survived by four children and one grandson from a pre-deceased son, and the disposable portion of his estate amounts to one-third[6].
Stanford’s answer to this appeal requested we set forth or devise a manner to determine the exact boundaries of the designated lot. That request is premature until the forced heirs elect which option they choose, and then that matter must be resolved amicably or in the district court.
The judgment of the district court is affirmed at appellants’ costs.
AFFIRMED.

. The land bequeathed to Amick was a portion of two plots: the front contained approximately 13.47 acres and the rear approximately 17.01 acres.

. It is understood, but not an issue, that the bequest would be subject to attack if it infringed on the legitime.

. Judge Martin now presides over Division “B” of the Twenty-Fifth Judicial District Court for the Parish of Plaquemines.

. LSA-C.C. Art. 1527 provides: “The donor may impose on the donee any charges or conditions he pleases, provided they contain nothing contrary to law or good morals.”

. LSA-C.C. Art. 1519: “In all dispositions inter vivos and mortis causa impossible conditions, those which are contrary to the laws or to morals, are reputed not written.”

.Prior to the 1981 amendment LSA-C.C. Art. 1493 provided in pertinent part:
“Donations ... mortis causa can not exceed one-third [of the property of the disposer], if he leaves three or a greater number [of children].”