# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 20-589

SUCCESSION OF CLADIE J. WADE

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 40,223
HONORABLE MONIQUE F. RAULS, DISTRICT JUDGE

**********

**JONATHAN W. PERRY**
**JUDGE**

**********

Court composed of John D. Saunders, John E. Conery, D. Kent Savoie, Candyce G. Perret, and Jonathan W. Perry, Judges.

Savoie, J., concurs in part with reasons.

Perret, J., dissents in part with reasons.

**REVERSED.**

C. Sherburne Sentell, Jr.
111 North Monroe Street
Post Office Box 875
Minden, Louisiana  71058-0875
(318) 377-0123
COUNSEL FOR:
    Alma Rea Wade


Lewis O. Lauve, Jr.
Bussey & Lauve, LLC
3112 Jackson Street
Alexandria, Louisiana  71301
(318) 449-1937
COUNSEL FOR:
    Carl Wade, individually and as
    Administrator for the Estate of Cladie J. Wade

**PERRY, Judge.**

This appeal weighs a statutory will's conditional legacies. The trial court ruled the conditional legacies were valid and enforceable. For the reasons set forth below, we reverse, finding the conditional legacies violate public policy.

## FACTS

Cladie J. Wade (Cladie) died testate on May 8, 2011, while domiciled in Rapides Parish, Louisiana. She effectuated a statutory will on August 13, 2007, dividing most[1] of her belongings between her only children, Alma Rea Wade (Alma) and Carl Wade (Carl).[2] The primary issue before this court concerns the following conditional legacies contained in Cladie's will:

> With respect to the property in Oakland, California which was owned by Theodore Harris and willed to me but placed in the name of Alma Rea Wade's name [sic] for accommodating purposes only, I will and bequeath that this property be sold and after all obligations incidental to the sale of the property have been paid, the remaining portion is to be divided equally among CARL WADE, ALMA REA WADE and CLADIE J. WADE.
>
> . . . .
>
> If ALMA REA WADE does not sell the property in California and divide the proceeds from the sale in the manner I have previously suggested, I will and bequeath that all bequests I have made to Alma Rea Wade would be revoked and all of those bequests would go to CARL WADE. In other words, if she does not sell the property and divide the assets as requested, she is ***not*** to receive any bequests from me; Carl is to receive everything.

Alma and Carl both sought judicial determinations via motions for summary judgment on the legality of Cladie's conditional legacies. Alma chiefly argued the condition on her legacy was contrary to the laws or to morals in violation of Article

---

[1] Except for Cladie's bequests of the usufruct of a house to Shirley Thibodeaux and $8,000 from a savings account to Noelle Foster, Cladie distributed household furnishings, her interests in several immovable properties, and roughly $100,000 separately to either Alma or Carl.

[2] Carl was named as executor in Cladie's statutory will.

1519 of the Louisiana Civil Code.[3]  Additionally, she requested $4,771.09 for expenses she allegedly paid maintaining rental properties owned by Cladie's estate.

Carl argued the conditional legacies are valid and clearly indicated Cladie's intent—sell the California property and receive your portion of my estate or keep the California property and receive nothing from my estate.[4]  He contended such an optional bequest is not repugnant to the law or to good morals, and to not acknowledge and enforce the conditional legacies is to give no effect to Cladie's intended and rightful disposition of her estate.  *See* La.Civ.Code art. 1612.

Following a hearing, the trial court granted summary judgment in favor of Carl, upholding the conditional legacies contained in Cladie's will.  In spite of this, Alma was allowed forty-five days to decide whether she would keep the California property or sell it and split the proceeds with Carl.  If Alma satisfied the condition, she would receive her legacies from Cladie; if not, Carl would receive Cladie's estate.  Additionally, the trial court awarded Alma the reimbursement she requested from Cladie's estate.

---

[3] In her motion for summary judgment, Alma also sought nullification of the following provision contained in an "Addendum to the Last Will and Testament of Cladie J. Wade dated August 13, 2007," which Cladie effectuated on November 17, 2009:

> The purpose for my adding this addendum is to resolve the dispute involving the property that is located at 1501 Campbell Street, Oakland, California. With respect to that property which is in the name of Theodore Harris of which I am the owner, I will and bequeath that if that property is not sold prior to my death, I want the property to be owned equally by my two children, namely:  ALMA REA WADE and CARL J. WADE.  Further, if the property does not sell quickly or does not sell for what my two children feel is a fair and just amount, I will and bequeath that the property will continue to be rented and after all expenses are subtracted from the monthly rental, the residue will be divided equally between my two children, ALMA REA WADE and CARL J. WADE.
>
> When the property in California is sold, then the proceeds will be divided equally between my two children.

[4] Responding to the purported addendum to Cladie's will, Carl conceded, "Cladie did not own the property in California and for that reason the addendum to the subject Will should be reputed not written given the fact that it does contain an impossible condition, i.e., bequeathing property that Cladie did not own.  La.Civ.Code Art. 1519."

On appeal, both Alma and Carl argue the trial court erred. Alma contends the trial court legally erred in upholding conditional legacies she asserts violate public policy by allowing, in effect, Cladie to bequeath property she did not own. Carl, in his capacity as administrator of Cladie's estate, suspensively appeals the trial court's reimbursement award in favor of Alma.

## LAW AND DISCUSSION

On appeal, summary judgments are reviewed *de novo*. *Magnon v. Collins*, 98-2822 (La. 7/7/99), 739 So.2d 191. Thus, the appellate court asks the same questions the trial court asks in determining whether summary judgment is appropriate, i.e., whether any genuine issue of material fact exists, and whether the mover is entitled to judgment as a matter of law. *Id.*; La.Code Civ.P. art. 966(A)(3). Moreover, "[t]he summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action[.]" La.Code Civ.P. art. 966(A)(2).

*Conditional Legacies*

"Succession is the transmission of the estate of the deceased to his successors." La.Civ.Code art. 871. "The estate of a deceased means the property . . . a person leaves after his death[.]" La.Civ.Code art. 872.

"A testator cannot bequeath that which is not owned, and any such legacy is void to that extent." *Succession of Wagner*, 431 So.2d 10, 12 (La.App. 4 Cir. 1983); La.Civ.Code art. 1519. A donation *inter vivos* can have as its object only present property of the donor. La.Civ.Code art. 1529.

Louisiana Civil Code Article 1519 provides: "In all dispositions *inter vivos* and *mortis causa*, impossible conditions, those which are contrary to the laws or to morals, are reputed not written." Louisiana Civil Code Article 1612 directs us to

3

interpret a testament in a way that furthers, rather than frustrates, the testator's lawful intent.

Concerning Cladie's conditional legacies, neither party asserts there are disputed facts. The issue before us is purely a legal one—namely, whether the conditional legacies herein are valid and enforceable.

Foremost of Alma's arguments against the legality of the conditional legacies is that conditions exist which are contrary to the laws or to good morals. La.Civ.Code art. 1519. Alma argues Cladie's conditional legacies sought to transmit property which did not belong to her estate; thus, the conditions should be deemed not written. *Id*.; *Wagner*, 431 So.2d 10.

Alma alleges Cladie resented Alma being the sole legatee of Theodore Harris, from whom Alma inherited the California property, evidenced by Cladie's directive that Alma sell the California property and divide the sale proceeds three ways between Alma, Carl, and Cladie. Alma urges this court to disallow conditional legacies which seek to settle grievances with relatives or unfavorable wills by requiring legatees to alienate their own property.

Carl concedes Cladie did not own the California property; however, he argues whether or not Cladie had an ownership interest is inconsequential. Carl denies Cladie was bequeathing property she did not own; instead, he insists Cladie was simply giving Alma an option to comply with her request. He also admits Cladie had no legal basis to force Alma to sell the California property or to force Alma to divide the sale proceeds. Yet, in brief he states, "Alma presumably had refused to do so at [Cladie's] request and Cladie had likely been advised that she could not legally force Alma to take such actions. This is precisely why Cladie made the bequests to Alma conditioned on her taking those certain definitive actions

4

voluntarily." Carl argues no effect would be given to Cladie's intended and rightful disposition of her estate if her conditional legacies were ruled invalid.

Carl additionally submits that the conditional legacies herein are analogous to one assailed in *Succession of Wagner*, 431 So.2d 10, wherein the testator only owned half of the lot in question because it was community property; the other half was owned by his children, forced heirs. The conditional provision in *Wagner*, 431 So.2d at 11, stated: "In the event that any of my children should object to the above and foregoing disposition of that particular lot to Marie Amick, then I will and bequeath to the said Marie Amick the disposable portion of my entire estate." The forced heirs argued the conditional provision should be considered a penalty clause and was *contra bonos mores*, citing La.Civ.Code art. 1519 and *Succession of Kern*, 252 So.2d 507 (La.App. 4 Cir.), *writ denied*, 254 So.2d 462 (La.1971). The fourth circuit viewed the conditional disposition of the disposable portion to be a conditional donation, conditioned on the heirs not complying with the testator's implied wishes that they convey their half interest in the lot to Marie Amick in order to receive the balance of the disposable portion. The court reasoned the testator's children alone had the capacity to comply with their father's request, should they fail to comply, the conditional disposition would be effective.

Carl insists Cladie, exactly like the testator in *Wagner*, 431 So.2d 10, "sought to indirectly achieve a result that could not be achieved directly." We disagree, and we observe a significant difference Carl deems inconsequential. The particular lot in question which was made the subject to the option the legatees could either accept or reject was owned, albeit partly, by the testator in *Wagner*. In this case, the California property did not belong to Cladie.

Noting the strong public policy of sustaining the validity of wills and giving effect to the testator's wishes when possible (*Succession of LaBarre*, 179 La. 45,

5

153 So. 15 (1934)), the fourth circuit in *Wagner*, 431 So.2d at 12-13 (footnote omitted), explained:

> The testator acknowledged that all of his property was community which was the only reason for him to specify the alternate bequest. That leaves no doubt Mr. Wagner was fully aware he could not bequeath the particular lot in full ownership to Amick. He understood the concurrence of his children was necessary in order to effect his wishes.
>
> The testator's intention was amplified by the testimony of Emile E. Martin, II, then an attorney who drafted the will. Judge Martin testified that Mr. Wagner's sole purpose for writing his will was to give Amick full ownership of the property where her trailer was located. Judge Martin advised Mr. Wagner that the "community" aspect of the property would be a problem unless his children agreed to transfer their interest to Mrs. Amick for her to acquire full ownership. Judge Martin said Mr. Wagner then became "adamant," reported that he and his children were not on good terms, and stated if they refused he wanted to leave Mrs. Amick his *entire* estate. Judge Martin then explained the laws on forced heirship and the subject will resulted containing the alternate legacy.
>
> We are satisfied Mr. Wagner knew his bequest could not be accomplished without his children's cooperation. Foreseeing the possibility they would not comply, he saw fit to include the alternative provision.
>
> *Legitime imperanti parere necesse est*—one lawfully commanding must be obeyed. We cannot require Mr. Wagner's children to transfer their interest in the lot to Amick's heir. They alone have the capability to comply with their father's request. Otherwise, the alternative disposition is effective which we view as a conditional donation and within the parameters of the law. [La.Civ.Code art. 1528.[5]]

We consider the conditional legacies at issue illegal and void. We cannot sanction allowing Cladie to accomplish after death that which she could not lawfully do during her life. Further, we believe to rule otherwise would result in far-reaching consequences of elevating a testator's intent over the public interest of property ownership.

---

[5] Louisiana Civil Code Article 1528 provides: "The donor may impose on the donee any charges or conditions he pleases, provided they contain nothing contrary to law or good morals."

Addressing the public interest in non-alienability of property, the supreme court in *Succession of Feitel*, 176 La. 543, 552, 146 So. 145, 147 (1933), invalidated a provision against alienation or mortgaging for ten years, stating:

> The law will not carry into effect the "wishes and conceits of the dead" concerning the property they leave to another in full ownership, to the disturbance of the rules of public order and policy which regulate the living. Men instinctively desire to accumulate and own property. When acquired they hold it tenaciously and abandon it with reluctance. So great is their propensity to hold dominion over that which they have acquired, what is theirs, that some of them, on the brink of the grave, attempt to continue their control over it after they are dead. But under our law and jurisprudence this cannot be done.

Since there were no forced heirs, Cladie could dispose of her property in any way she saw fit. However, the conditional legacies herein evidence Cladie sought to exert control over property not her own. To require Alma to alienate her property and share the profits with Carl grants control over property which does not belong to Cladie's estate. Simply stated, Cladie's testamentary rights cannot outweigh Alma's property ownership rights. We feel that to rule any other way would condone the "wishes and conceits of the dead" at the expense of "the rules of public order and policy which regulate the living." *Id*. Thus, the trial court's judgment upholding the conditional legacies contained in Cladie's will is reversed.

*Alma's Reimbursement*

Concerning the reimbursement award in favor of Alma, Carl argues the trial court's monetary judgment rendered against Cladie's estate is procedurally defective and should be vacated. Carl contends Cladie's estate is still under administration; thus, Louisiana's Code of Civil Procedure specifies the proper procedure for a creditor of a succession to submit a claim for acknowledgment and payment of a debt.[6] However, Alma asserted her claim within the context of her motion for

---

[6] While a succession is under administration, a creditor can submit his claim to the succession representative, and no particular form is required other than it be in writing, except for formal proof of claims under La.Code Civ.P. art. 3245. La.Code Civ.P. art. 3241.

summary judgment. The trial court, finding Carl had not formally opposed Alma's allegation, granted judgment in Alma's favor.

Carl concedes a written demand for $4,767.09 was sent to him through counsel; yet this demand was rejected based on the allegation Alma collected rental payments from properties owned by Cladie's estate, rental payments which should have been received by Carl, as administrator of the estate. Carl, thus, submits genuine issues of material fact exist with regard to the administration of the estate, and it was premature to pay any creditor any amounts being claimed by creditors against the estate until a tableau of distribution was prepared and submitted.

Alma alleges Carl acquiesced to her claim for reimbursement. She alleges he neither raised any opposition in his answer to her motion for summary judgment, nor did his counsel object to her claim at the hearing of this matter. Thus, the trial court correctly granted summary judgment in her favor. We disagree.

Our review of the record reveals that at the hearing of this matter, counsel for Carl noted that although a formal objection had not been expressed in his response to Alma's motion for summary judgment, Carl did, in fact, reject the reimbursement claim. Carl alleged Alma received rental payments and contended summary judgment was not procedurally proper to adjudicate questions of the estate's debts.

Even in the absence of a formal opposition to a motion for summary judgment, the moving party must show that he is entitled to summary judgment. La.Code Civ.P. art. 966(D)(1). While Alma submitted an affidavit swearing that she paid maintenance expenses on rental property owned by Cladie's estate, our invalidation of Cladie's conditional legacies will presumably affect the distribution of Cladie's estate, including these rental properties. Thus, we conclude genuine issues of material fact exist which, at this time, preclude Alma's entitlement to judgment as a

matter of law on her reimbursement claim. Therefore, we vacate the trial court's grant of summary judgment in favor of Alma.

## DECREE

For the foregoing reasons, the judgment of the trial court is reversed in its entirety. Costs of this appeal are assessed equally between the parties, Alma Rea Wade and Carl Wade.[7]

**REVERSED.**

---

[7] Our reversal of summary judgment in favor of Carl results in equal costs of this appeal assessed to Carl individually, not in his capacity as administrator of Cladie's estate.

# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 20-589

### SUCCESSION OF CLADIE J. WADE

**SAVOIE, Judge, concurs in part with reasons:**

I concur with the majority's decision to reverse the trial court's summary judgment, which found that the conditional legacy in the original will was enforceable, but for different reasons as discussed below. I further agree with the decision to reverse the trial court's summary judgment pertaining to Alma Wade's ("Alma's") reimbursement claim, as summary judgment is premature given the remaining factual issues concerning disposition of the estate property.

In my opinion, the 2009 "addendum" revokes the disposition and related purported conditional legacy concerning the California property contemplated by the 2007 will, as the 2009 "addendum" is incompatible with the 2007 will to that extent. La. Civ.Code. art. 1608. Unlike the 2007 will, the 2009 "addendum" does not demand the sale of the California property and division of sale proceeds upon Cladie Wade's ("Cladie's") death; rather, it contemplates Alma's and Carl Wade's joint ownership of the California property and gives them discretion to either sell the property and equally divide the sale proceeds or rent the property and equally divide the rental proceeds. Therefore, the 2007 will's disposition of the California property and the related conditional legacy were superseded by the 2009 "addendum" and are no longer enforceable.

Even though the disposition of the California property contemplated by the 2009 "addendum" is ultimately unenforceable due to an impossibility (i.e. Cladie did not actually own the California property, despite her statements otherwise in the will and "addendum), we should not revert back to the 2007 will's disposition of the California property and related condition. Even if a document that contains a

revocation of a prior testament is ultimately unenforceable as a testament, it nevertheless serves to revoke the prior testament. *See In re Hendricks*, 2008-1914 (La. App. 1 Cir. 9/23/09), 28 So.3d 1057, *writ not considered*, 2010-480 (La. 3/26/10), 29 So.3d 1256.

Because the 2009 "addendum" revokes the purported conditional legacy stated in the 2007 will, the trial court's summary judgment on the issue of the purported conditional legacy should be reversed on these grounds. It is unnecessary to consider the issue of whether the conditional legacy is an illegal violation of public policy.

SUCCESSION OF CLADIE J. WADE

**PERRET, Judge, dissents in part.**

I agree with the majority that the trial court erred in rendering a summary judgment on Alma Wade's reimbursement issue. However, I respectfully dissent from the majority's ruling that the conditional legacies are illegal and void. Unlike the majority opinion, I find that Louisiana statutory law and jurisprudence supports the trial court's conclusion that Cladie Wade had every right to impose conditions on the legacy to her daughter, Alma, especially considering that they contained nothing contrary to law or good morals.

Louisiana Civil Code Articles 1611 through 1616 govern the interpretation of testaments. Louisiana Civil Code Article 1611(A) is particularly relevant to this case, which states that "[t]he intent of the testator controls the interpretation of his testament. If the language of the testament is clear, its letter is not to be disregarded under the pretext of pursuing its spirit." Additionally, the 1997 Revision Comment to La.Civ.Code art. 1611(A) states that this article "emphasizes the strong rule, long recognized in the jurisprudence, that the intent of the testator is the single most important guideline in the interpretation of a testament." Louisiana jurisprudence has also consistently held that the "the intent of the testator is the paramount consideration in determining the provisions of a will." *Succession of Schiro*, 96-1567, p. 6 (La.App. 4 Cir. 4/9/97); 691 So.2d 1374, 1377, *writs denied*, 97-1400, 97-1423 (La. 9/5/97), 700 So.2d 518. *See also In re Succession of Soileau*, 05-655, p. 7 (La.App. 3 Cir. 12/30/05), 918 So.2d 563, 568; *Succession of Hackney*, 97-859, p. 5 (La.App. 3 Cir. 2/4/98), 707 So.2d 1302, 1306, *writ denied*, 98-596 (La. 4/24/98) 98-596 (La. 4/24/98); 717 So.2d 1172.

1

In this case, there were no forced heirs and Cladie could dispose of her property in any way she desired. I find that the clauses in the will that create the conditional legacies merely give Alma the option to either sell the California property and divide the proceeds with Carl and receive her legacies or keep the property in California and forfeit her legacies in favor of Carl. I find no merit to the majority's legal analysis that differentiates the *Succession of Wagner*, 431 So.2d 10, (La.App. 4 Cir. 1983), case from the facts of this case on the mere fact that the testator in *Wagner* owned one-half community interest in the land at issue. In my opinion, it is irrelevant that the testator in *Wagner* owned one-half of the property – he was still attempting to leave full ownership of a tract of land to Marie Amick, who was not one of his children, even though he only owned a one-half community interest in the land. I find that the *Wagner* case is on point and that in both cases, the testators inserted a conditional legacy in the will that would give their heirs the option of conveying their interest in the subject property or forfeiting their interest in the disposable portion of the testator's estate.

In *Wagner*, the court held that "the testator's 'intention must be ascertained from the whole will, and effect must be given to every part of the will as far as the law will permit. . . . [T]he court should select that interpretation which will carry out the intention of the testator.'" *Succession of Wagner*, 431 So.2d at 12, (quoting *Succession of LaBarre*, 153 So.15, 16 (La.1934)). By applying these legal principles to the facts in *Wagner*, the court stated:

> The entire will is dedicated to Marie Amick's receiving a portion of Wagner's estate. If the specific bequest was the only provision in the will[,] Amick would be entitled to only an undivided one-half interest in the designated property because that was all Mr. Wagner owned. A testator cannot bequeath that which is not owned and any such legacy is void to that extent. LSA-C.C. Arts. 1519, 1639. *Succession of Marion,* 163 La. 734, 112 So. 667 (1927). **However, the will convinces us that Mr. Wagner's intent was to give Amick full ownership of the lot, even though he knew he couldn't.**

2

. . . .

> It [the will] simply implements the alternative provision if the heirs do not comply with the testator's wishes. The alternative bequest will not deprive the forced heirs of anything they are legally entitled to, i.e., their legitime. The forced heirs have no "right" to the disposable portion; the testator has a right to bequeath the disposable portion in *any* manner. *Succession of Hyde,* 292 So.2d 693 (La.1974). We find the optional bequest is not repugnant to law or good morals and is valid as a conditional legacy.

*Succession of Wagner*, 431 So.2d at 12-13, (footnote omitted) (emphasis added).

Thus, the court in *Wagner* held that the testator could not force his children to convey their interest in the property to his legatee, but that he could certainly condition their legacies on them doing so. Similarly, in this case, Alma was not obligated by law to carry out her mother's request to sell the California property and divide the proceeds with her brother Carl but her refusal to do so forfeited her legacies in favor of Carl.

For the foregoing reasons, I dissent from the majority ruling and would affirm the trial court's judgment that found "that the conditional legacies contained in the Last Will and Testament of Cladie Wade are valid and enforceable[.]"