# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 23-252

SUCCESSION OF CLADIE J. WADE

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 40,223
HONORABLE MONIQUE FREEMAN RAULS, DISTRICT JUDGE

**********

## ELIZABETH A. PICKETT
## CHIEF JUDGE

**********

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, Van H. Kyzar, Jonathan W. Perry, and Guy E. Bradberry, Judges.

**GREMILLION, J., dissents for the reasons assigned by Judge Bradberry.**
**BRADBERRY, J., dissents and assigns reasons.**

AFFIRMED.

C. Sherburne Sentell, Jr.
P.O. Box 875
Minden, LA 71058
(318) 377-0123
COUNSEL FOR APPELLEE:
    Alma Rea Wade

Lewis O. Lauve, Jr.
Bussey & Lauve, LLC
P.O. Drawer 8778
Alexandria, LA 71306
(318) 449-1937
COUNSEL FOR APPELLANT:
    Carl Wade

**PICKETT, Chief Judge.**

Carl Wade appeals the decision of the trial court holding conditional legacies in the will of his mother, Cladie Wade, to be invalid. For the following reasons, we affirm the decision of the trial court.

The facts of this matter were previously set out by this court in *Succession of Wade*, 20-589, pp. 1–3 (La.App. 3 Cir. 7/21/21), 326 So.3d 306, 307–09 (footnotes omitted)(second alteration in original), *writ granted*, *judgment vacated*, 21-1171 (La. 11/23/21), 328 So.3d 72, as follows:

> Cladie J. Wade (Cladie) died testate on May 8, 2011, while domiciled in Rapides Parish, Louisiana. She effectuated a statutory will on August 13, 2007, dividing most of her belongings [equally] between her only children, Alma Rea Wade (Alma) and Carl Wade (Carl). The primary issue before this court concerns the following conditional legacies contained in Cladie's will:
>
> > With respect to the property in Oakland, California which was owned by Theodore Harris and willed to me but placed in the name of Alma Rea Wade's name [sic] for accommodating purposes only, I will and bequeath that this property be sold and after all obligations incidental to the sale of the property have been paid, the remaining portion is to be divided equally among CARL WADE, ALMA REA WADE and CLADIE J. WADE.
> >
> > . . . .
> >
> > If ALMA REA WADE does not sell the property in California and divide the proceeds from the sale in the manner I have previously suggested, I will and bequeath that all bequests I have made to Alma Rea Wade would be revoked and all of those bequests would go to CARL WADE. In other words, if she does not sell the property and divide the assets as requested, she is **not** to receive any bequests from me; Carl is to receive everything.
>
> Alma and Carl both sought judicial determinations via motions for summary judgment on the legality of Cladie's conditional legacies. Alma chiefly argued the condition on her legacy was contrary to the laws or to morals in violation of Article 1519 of the Louisiana Civil Code. . . .

Carl argued the conditional legacies are valid and clearly indicated Cladie's intent—sell the California property and receive your portion of my estate or keep the California property and receive nothing from my estate. He contended such an optional bequest is not repugnant to the law or to good morals, and to not acknowledge and enforce the conditional legacies is to give no effect to Cladie's intended and rightful disposition of her estate. *See* La.Civ.Code art. 1612.

Following a hearing, the trial court granted summary judgment in favor of Carl, upholding the conditional legacies contained in Cladie's will. In spite of this, Alma was allowed forty-five days to decide whether she would keep the California property or sell it and split the proceeds with Carl. If Alma satisfied the condition, she would receive her legacies from Cladie; if not, Carl would receive Cladie's estate. Additionally, the trial court awarded Alma the reimbursement she requested from Cladie's estate.

On appeal, both Alma and Carl argue the trial court erred. Alma contends the trial court legally erred in upholding conditional legacies she asserts violate public policy by allowing, in effect, Cladie to bequeath property she did not own. Carl, in his capacity as administrator of Cladie's estate, suspensively appeals the trial court's reimbursement award in favor of Alma.

A five-judge panel of this court ruled that the conditions placed upon the California property were invalid, with one concurrence and one dissent issued. The Louisiana Supreme Court then reversed this court, finding that factual issues existed surrounding a subsequent codicil that pretermitted summary judgment being granted for either party. That "addendum" read:

The original will dated August 13, 2007 is to remain in effect ***"as is"***. I revoke any and all subsequent wills I may have made revoking the contents of the will of August 13, 2007.

On this day, I reaffirm that the will and testament that I expect to be probated, upon my death, is the will and testament dated August 13, 2007 executed before the undersigned notary.

The purpose for my adding this addendum is to resolve the dispute involving the property that is located at 1501 Campbell Street, Oakland, California. With respect to that property which is in the name of Theodore Harris of which I am the owner, I will and bequeath that if the property is not sold prior to my death, I want the property to be owned equally by my two children, namely: ALMA REA WADE and CARL J. WADE. Further, if the property does not sell quickly or does

not sell for what my two children feel is a fair and just amount, I will and bequeath that the property will continue to be rented and after all expenses are subtracted from the monthly rental, the residue will be divided equally between my two children, ALMA REA WADE and CARL J. WADE.

When the property in California is sold, then the proceeds will be divided equally between my two children.

The matter was remanded to the trial court, who then found the conditional legacies to be invalid after a trial, asserting that the conditions "involved the decedent's exercising control over property in California which she did not own." From that decision, Carl appeals.

## ASSIGNMENT OF ERROR

On appeal, Carl asserts one assignment of error:

The trial court erred when it found that the conditional legacies contained in the last will and testament of Cladie Wade were invalid and unenforceable under Louisiana law. The trial court's decision is contrary to existing jurisprudence acknowledging the validity of similar conditional legacies and should therefore be reversed.

## DISCUSSION

"The donor may impose on the donee any charges or conditions he pleases, provided they contain nothing contrary to law or good morals." La.Civ.Code art. 1528. However, a testator cannot bequeath that which he does not own, and any such legacy is void to that extent. La.Civ.Code art. 1519; *Succession of Marion*, 163 La. 734, 112 So. 667 (1927). "In all dispositions *inter vivos* and *mortis causa* impossible conditions, those which are contrary to the laws or to morals, **are reputed not written**." La.Civ.Code art. 1519 (bold emphasis ours). Both the 2007 testament and the 2009 codicil purport to make bequests of property in California that the testator did not own. They are both, therefore, without effect. La.Civ.Code art. 1519. The different language, though, is instructive in determining the intent of

3

Cladie with respect to the conditional clause that Alma sell the Oakland property or forfeit all other bequests in the 2007 testament. The section which is not operative from the 2007 will states:

> With respect to the property in Oakland, California which was owned by Theodore Harris and willed to me but placed in the name of Alma Rea Wade's name [sic] for accommodating purposes only, I will and bequeath that this property be sold and after all obligations incidental to the sale of the property have been paid, the remaining portion is to be divided equally among CARL WADE, ALMA REA WADE and CLADIE J. WADE.

and from the 2009 codicil:

> The purpose for my adding this addendum is to resolve the dispute involving the property that is located at 1501 Campbell Street, Oakland, California. With respect to that property which is in the name of Theodore Harris of which I am the owner, I will and bequeath that if the property is not sold prior to my death, I want the property to be owned equally by my two children, namely: ALMA REA WADE and CARL J. WADE. Further, if the property does not sell quickly or does not sell for what my two children feel is a fair and just amount, I will and bequeath that the property will continue to be rented and after all expenses are subtracted from the monthly rental, the residue will be divided equally between my two children, ALMA REA WADE and CARL J. WADE.
>
> When the property in California is sold, then the proceeds will be divided equally between my two children.

This leaves open the question of the validity of the conditional legacy contained in the 2007 will, which states:

> If ALMA REA WADE does not sell the property in California and divide the proceeds from the sale in the manner I have previously suggested, I will and bequeath that all bequests I have made to Alma Rea Wade would be revoked and all of those bequests would go to CARL WADE. In other words, if she does not sell the property and divide the assets as requested, she is **not** to receive any bequests from me; Carl is to receive everything.

There is no dispute that Cladie never owned the property in Oakland, but that it was bequeathed by Theodore Harris to Alma. The 2009 codicil, though, was added "for the purpose of . . . resolv[ing] the dispute involving the property that is located

at 1501 Campbell Street, Oakland, California." Therein, Cladie eliminates the requirement that the property be sold, and instead contemplates that the property continue to be rented and the proceeds be split between Alma and her son Carl. Alma could, then, carry out her mother's wishes by continuing to rent the property and splitting the proceeds of the rental income with Carl. But because she has not sold the property as required by the conditional clause—"If ALMA REA WADE does not sell the property in California and divide the proceeds from the sale in the manner I have previously suggested" in the 2007 will—Carl could still inherit all the property bequeathed to Alma in the 2007 testament.

Thus, as noted by Judge Savoie in his concurrence when this case was originally before this court on summary judgment, we find that the language in the 2009 codicil revoked not only the disposition of the California property contained in the 2007 will, but also the conditional legacy.

> [T]he 2009 "addendum" revokes the disposition and related purported conditional legacy concerning the California property contemplated by the 2007 will, as the 2009 "addendum" is incompatible with the 2007 will to that extent. La.Civ.Code. art. 1608. Unlike the 2007 will, the 2009 "addendum" does not demand the sale of the California property and division of sale proceeds upon Cladie Wade's ("Cladie's") death; rather, it contemplates Alma's and Carl Wade's joint ownership of the California property and gives them discretion to either sell the property and equally divide the sale proceeds or rent the property and equally divide the rental proceeds. Therefore, the 2007 will's disposition of the California property and the related conditional legacy were superseded by the 2009 "addendum" and are no longer enforceable.

> Even though the disposition of the California property contemplated by the 2009 "addendum" is ultimately unenforceable due to an impossibility (i.e. Cladie did not actually own the California property, despite her statements otherwise in the will and "addendum"), we should not revert back to the 2007 will's disposition of the California property and related condition. Even if a document that contains a revocation of a prior testament is ultimately unenforceable as a testament, it nevertheless serves to revoke the prior testament. *See In re Hendricks*, 2008-1914 (La. App. 1 Cir. 9/23/09), 28 So.3d 1057, *writ not considered*, 2010-480 (La. 3/26/10), 29 So.3d 1256.

Because the 2009 "addendum" revokes the purported conditional legacy stated in the 2007 will, the trial court's summary judgment on the issue of the purported conditional legacy should be reversed on these grounds. It is unnecessary to consider the issue of whether the conditional legacy is an illegal violation of public policy.

*Succession of Wade*, 326 So.3d at 312-313 (Savoie, J., concurring.)

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to Carl Wade.

**AFFIRMED.**

SUCCESSION OF

CLADIE J. WADE

**BRADBERRY, J., dissent.**

I must respectfully dissent from the majority opinion. Louisiana jurisprudence has consistently held that the presence of a prohibited bequest in a will results only in the nullity of that specific bequest; it does not affect the remaining valid dispositions of the will. *Succession of Walters*, 261 La. 59, 259 So.2d 12 (1972). After the invalid clauses noted by the majority are removed from the documents in accordance with La.Civ.Code article 1519, we must look to the remaining, valid sections of the will and codicil to determine Cladie's intent.

Louisiana Civil Code Articles 1611 through 1616 govern the interpretation of testaments. Louisiana Civil Code Article 1611(A) states that "[t]he intent of the testator controls the interpretation of his testament." Louisiana jurisprudence has consistently held that the "the intent of the testator is *the paramount consideration* in determining the provisions of a will." *Succession of Schiro*, 96-1567, p. 6 (La.App. 4 Cir. 4/9/97), 691 So.2d 1374, 1377, *writs denied*, 97-1400, 97-1423 (La. 9/5/97), 700 So.2d 518 (emphasis ours); *See also In re Succession of Soileau*, 05-655 (La.App. 3 Cir. 12/30/05), 918 So.2d 563; *Succession of Hackney*, 97-859 (La.App. 3 Cir. 2/4/98), 707 So.2d 1302, *writ denied*, 98-596 (La. 4/24/98), 717 So.2d 1172. Furthermore, the 1997 Revision Comment to La.Civ.Code art. 1611(A)(emphasis ours) declares that the article "emphasizes the strong rule, long recognized in the

jurisprudence, that the intent of the testator is the *single most important guideline* in the interpretation of a testament."

> [The testator's] intention must be ascertained from the whole will, and effect must be given to every part of the will as far as the law will permit. No part of a will should be rejected, except what the law makes it necessary to reject. Where it is a question of the choice between two interpretations, one of which will effectuate, and the other will defeat, a testator's intention, the court should select that interpretation which will carry out the intention of the testator.

*Succession of La Barre*, 179 La. 45, 48, 153 So. 15, 16 (1934).

Cladie's intent in her original will was crystal clear she wanted her property to be divided equally between her children. Further, Alma concedes in brief that Cladie's intent in the original will was also clear that Cladie wanted Alma's California property to be sold and the profits divided evenly between the siblings, or else Alma was to inherit nothing of her mother's estate. It is that intent which "controls the interpretation of [Cladie's] testament." La.Civ.Code art. 1611(A).

**The 2009 addendum**

It is undisputed that the disposition of the California property contemplated by the 2009 addendum is ultimately unenforceable due to an impossibility, as Cladie did not actually own the California property, despite her statements otherwise in the will and addendum, as correctly noted by the majority.

It was argued in the concurrence to our prior opinion, cited by the majority for its determination, that we should not revert back to the 2007 will's disposition of the California property because "a document that contains a revocation of a prior testament is ultimately unenforceable as a testament, it nevertheless serves to revoke the prior testament." However, I disagree with that notion under the exact wording of the addendum at issue, which painstakingly stated that it was not a revocation of the prior will, but clearly reinforced the notion that the 2007 will stated the desires

2

of Cladie and was to be the one to be implemented and probated. Again, that addendum stated:

> The original will dated August 13, 2007 is to remain in effect **"as is"**. I revoke any and all subsequent wills I may have made revoking the contents of the will of August 13, 2007.
>
> On this day, I reaffirm that the will and testament that I expect to be probated, upon my death, is the will and testament dated August 13, 2007 executed before the undersigned notary.

I would be hard pressed to read that language as a revocation of the 2007 will.

Moreover, after the sections dealing with the California property are removed as being not written under La.Civ.Code article 1519, the language reaffirming the 2007 will is all that remains of the 2009 addendum. I can find nothing in the addendum that seeks to revoke the conditional legacy, especially when the invalid sections have been deemed not written. While the addendum was clearly a clumsy attempt at "clarification" of the invalid sections of the 2007 will, the valid portions of the addendum are plain in their reading that any valid sections of that 2007 will should be enforced as Cladie's final wishes **"as is"**, i.e., as including the conditional legacy.

Moreover, I find *Succession of Wagner*, 431 So.2d 10 (La.App. 4 Cir. 1983), a case the majority does not address at all, to be directly on point with this matter. There, the fourth circuit upheld a conditional legacy very much like the one at issue here. In that case, the decedent parent conditioned the bequest of the disposable portion of his property upon his children alienating property which they owned, but that he did not. While the father in *Wagner* did own a one-half interest in the disputed property, it was not *his own* half interest in the property which he made subject to the condition. He had already bequeathed that to a different party. Rather, it was his deceased wife's community interest, which had passed to his children, that

3

was the subject of the condition, i.e., *property he did not own under Louisiana law.* Just as here, where the property subject to the condition was property not owned by Cladie. I do not see a distinction and find *Wagner* to apply here.

A prior panel of this court quoted *Succession of Feitel*, 176 La. 543, 552, 146 So. 145, 147 (1933), for the proposition that: "[t]he law will not carry into effect the 'wishes and conceits of the dead' concerning the property *they leave to another in full ownership*, to the disturbance of the rules of public order and policy which regulate the living." *Succession of Wade*, 326 So.3d at 311 (emphasis ours). I agree that Louisiana law is clear that the dead cannot govern how their property is used by legatees once it has passed on. However, there is nothing whatsoever in either the will or codicil that restricts or dictates how either heir could use their bequests after inheritance, making this reasoning misplaced in this matter, in my opinion. The condition here only sets forth what Alma is required to do *in order to receive* an inheritance from Cladie.

While the prior panel was correct that to "require Alma to alienate her property and share the profits with Carl grants control over property which does not belong to Cladie's estate," Alma was not, in fact required to alienate that property if she did not want to. *Id.* She only had to do so if she wished to gain the benefits of Cladie's estate – benefits and property she was simply not legally entitled to under the law, as Cladie died testate. In reality, the only property actually controlled by Cladie's conditional legacy was that which existed in her own estate, especially after the invalid sections of the will were removed under La.Civ.Code article 1519. As noted by that prior panel, "Cladie could dispose of her property in any way she saw fit." *Id.*

4

I find Judge Perret's dissent in our initial ruling to be convincing. There, prior to the reversal of our prior court's decision by the Louisiana Supreme Court, she noted:

> In this case, there were no forced heirs and Cladie could dispose of her property in any way she desired. I find that the clauses in the will that create the conditional legacies merely give Alma the option to either sell the California property and divide the proceeds with Carl and receive her legacies or keep the property in California and forfeit her legacies in favor of Carl. I find no merit to the majority's legal analysis that differentiates the *Succession of Wagner*, 431 So.2d 10 (La.App. 4 Cir. 1983), case from the facts of this case on the mere fact that the testator in *Wagner* owned one-half community interest in the land at issue. In my opinion, it is irrelevant that the testator in *Wagner* owned one-half of the property – he was still attempting to leave full ownership of a tract of land to Marie Amick, who was not one of his children, even though he only owned a one-half community interest in the land. I find that the *Wagner* case is on point and that in both cases, the testators inserted a conditional legacy in the will that would give their heirs the option of conveying their interest in the subject property or forfeiting their interest in the disposable portion of the testator's estate.

> In *Wagner*, the court held that "the testator's 'intention must be ascertained from the whole will, and effect must be given to every part of the will as far as the law will permit. . . . [T]he court should select that interpretation which will carry out the intention of the testator.'" *Succession of Wagner*, 431 So.2d at 12, (quoting *Succession of La Barre*, 179 La. 45, 153 So.15, 16 (1934)). By applying these legal principles to the facts in *Wagner*, the court stated:

>> The entire will is dedicated to Marie Amick's receiving a portion of Wagner's estate. If the specific bequest was the only provision in the will[,] Amick would be entitled to only an undivided one-half interest in the designated property because that was all Mr. Wagner owned. A testator cannot bequeath that which is not owned and any such legacy is void to that extent. LSA-C.C. Arts. 1519, 1639. *Succession of Marion*, 163 La. 734, 112 So. 667 (1927). **However, the will convinces us that Mr. Wagner's intent was to give Amick full ownership of the lot, even though he knew he couldn't.**

>> . . . .

>> It [the will] simply implements the alternative provision if the heirs do not comply with the testator's wishes. The alternative bequest will not deprive the forced heirs of

> anything they are legally entitled to, i.e., their legitime. The forced heirs have no "right" to the disposable portion; the testator has a right to bequeath the disposable portion in any manner. *Succession of Hyde*, 292 So.2d 693 (La.1974). We find the optional bequest is not repugnant to law or good morals and is valid as a conditional legacy.

*Succession of Wagner*, 431 So.2d at 12-13, (footnote omitted) (emphasis added). Thus, the court in *Wagner* held that the testator could not force his children to convey their interest in the property to his legatee, but that he could certainly condition their legacies on them doing so. Similarly, in this case, Alma was not obligated by law to carry out her mother's request to sell the California property and divide the proceeds with her brother Carl but her refusal to do so forfeited her legacies in favor of Carl.

*Succession of Wade*, 326 So.3d at 313-14 (alterations in original).

I agree with Judge Perret's reasoning. "The donor may impose on the donee any charges or conditions he pleases, provided they contain nothing contrary to law or good morals." La.Civ.Code art. 1528. While Cladie clearly could not force Alma to sell or share the fruits of the California property which Cladie did not own, she clearly could decide how to allocate her *own* property after her demise. Cladie could very well have written Alma out of her will entirely. She did not. Her will simply gave Alma a choice: share the proceeds of a sale of the California house with her brother or receive nothing from her estate. I find nothing in the condition to be contrary to the law. In fact, I find this condition to be squarely in line with that in *Succession of Wagner,* 431 So.2d 10, and therefore valid. Accordingly, I would reverse the decision of the trial court and uphold the conditional legacies in Cladie's 2007 will.

6